## Amos v. The State.

*Indictment for Selling Liquors contrary to Local Statute.*

1. *Local statute prohibiting gift, sale or other disposition of liquors construed.*—Where a statute makes it unlawful "to sell, give away, or otherwise dispose of" designated liquors, the words, "or otherwise dispose of," following the more specific or particular words, "sell or give away," must be construed, a larger legislative intention not being clearly ex-

[Amos v. The State.]

pressed, as extending only to a disposition *ejusdem generis* with a sale or gift; they can not be extended to any and every act which may be said to be a disposition.

2. *Same.*—Hence, where the liquor a defendant indicted under such statute is charged with having disposed of, was the property of the person to whom it was delivered, it having been bought for him by the defendant's father as an agent merely, and the father, as such agent, having the custody of it, and the defendant had no connection with it, and did no other act than, on the request of the owner to deliver to him a part of it, because it was not convenient for the owner to take away the whole, this is not such a disposition of the liquor as rendered the defendant guilty of a violation of the statute.

3. *Same.*—If, however, the real transaction was a sale by the defendant's father to the party to whom it was delivered, the introduction of the latter's name as purchaser being a mere device and, to consummate the sale, and acting for his father, the defendant made delivery of the liquor, then he would be guilty of a violation of the statute.

4. *General charge on effect of evidence in favor of the State in criminal case; when can not be sustained.*—A general charge to the jury in a criminal case, that if they believe the evidence, they should find the defendant guilty, is of doubtful propriety; and if questioned, on appeal it can not be sustained, unless the evidence, in its character, is clear, conclusive, and without conflict, leaving no inference of fact to be drawn by the jury.

5. *Right of counsel for accused to argue questions of law to the court, considered.*—Upon questions of law, which the court alone can decide, *it may be* that, when the opinion of the judge is formed and fixed, he may, in the exercise of a sound judicial discretion, decline to hear argument from counsel; but this discretion should be exercised sparingly and cautiously, and only when the question seems so clear as not to admit of argument.

APPEAL from Conecuh Circuit Court.

Tried before Hon JOHN P. HUBBARD.

Ned Amos, the appellant, defendant in the lower court, was indicted, tried and convicted under a statute rendering it unlawful, except upon the prescription of a practising physician, "to sell, give away, or otherwise dispose of spirituous, vinous or malt liquors," within a designated locality in the county of Conecuh.—Pamph. Acts, 1880-1, p. 387. As the evidence tended to show, L. N. Amos, the defendant's father, who was merchandising, and kept a store in Brooklyn, within half a mile of Brooklyn Academy, in said county, ordered and obtained for G. Bethea from Mobile, on his written request, five gallons of whiskey; and when the whiskey came, Bethea "had no way to take it all away, and he got L. N. Amos to have it put in a house in Dr. Feagin's yard, which was a house in which the defendant's father kept other things incident to his business;" and from the whiskey thus obtained and kept for him, whiskey "was drawn off and furnished witness by defendant and L. N. Amos as he, witness, called for, or wanted it." The evidence further tended to show that, within twelve months before the finding of the indictment, the defendant, who was not connected with his father's business in any capacity, though

[Amos v. The State.]

frequently about his store, let the said Bethea have some of said whiskey; and for this act, it appears, he was indicted. Bethea's request that defendant's father should order the whiskey for him, and a bill in favor of James McDonnell & Co., of Mobile, against Bethea for the whiskey, were read in evidence. The defendant made a statement under the statute, which was "substantially as follows: I may have drawn some whiskey for Mr. Bethea, but I never sold or gave him any whiskey, or disposed of any whiskey to him. All the whiskey I know of Mr. Bethea getting, and I let him have, was the whiskey for which my father had sent for Mr. Bethea, and which was delivered to him as he called for it. I was not connected with the business in any way at all, but was frequently at my father's store."

After reciting that this was all the evidence introduced on the trial, the bill of exceptions proceeds: " The solicitor then asked the court in writing to give the following charge: 'If the jury believe all the evidence in this case beyond a reasonable doubt, they will find the defendant guilty, and assess a fine of not less than fifty dollars, nor more than five hundred dollars.' The court stated he would give the charge. The defendant's counsel asked the court to be heard by the court, why the charge should not be given, before giving the charge. The court declined to hear the defendant's counsel, and stated to the counsel the reason why, was, that he had listened very carefully to the testimony, and had concluded to give the charge, if asked. To the refusal of the court thus to hear the defendant's counsel, and to the remark of the court, defendant duly and legally excepted. The counsel for defendant then asked to argue the case to the jury, and the court then stated that counsel might argue the case to the jury. Whereupon, the solicitor and defendant's counsel both addressed the jury. The solicitor then renewed his request for the court to give the written charge above set out, which the court then gave;" and the defendant excepted.

The defendant also reserved exceptions to the refusal of the court to give the following charges requested by him in writing: 1. "The court charges the jury that if the evidence satisfies them that the whiskey was the property of the witness Bethea, and had been left with L. N. Amos, and that all that the defendant had to do with it, was to draw a part of it; at one time, at the request of the owner, Mr. Bethea, then this, without more, would not authorize the conviction of defendant." 2. "The court charges the jury that, in coming to a verdict in this cause, they must look to the written order of Bethea, and the bill made out by James McDonnell & Co., and to all the facts and circumstances, and also to the statement of the defendant; and if, looking at all the evidence in the case, they are not satisfied of the

[Amos v. The State.]

guilt of the defendant, beyond a reasonable doubt, then they must acquit him."

The rulings above noted are here assigned as error.

STALLWORTH & BURNETT, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The indictment is founded upon the statute (Pamph. Acts, 1880–81, p. 387), rendering it unlawful, except upon the prescription of a practising physician, "to sell, give away, or otherwise dispose of spirituous, vinous or malt liquors," within a designated locality in the county of Conecuh. The manifest purpose of the statute, taking the words in their ordinary signification, is the prohibition of all dealing in the nature of trade or traffic, in the locality specified—a prohibition of a transfer of such liquors in the mode such transfers had been made usually, and the prevention of all evasions of the prohibition. The effective words are *sell, give away, or otherwise dispose of ;* all of which, in a general sense, found in this connection, signify some act by which one person parts with, to another, possession or ownership of property. A *sale, ex vi termini,* imports the transfer of personal property upon a valuable consideration; and a *gift* imports a like transfer gratuitously, or upon a merely good consideration. The more general words, *or otherwise dispose of,* following the more specific or particular words, *sell, or give away,* upon a settled rule of statutory construction, a larger legislative intention not being clearly expressed, must be construed as extending only to a disposition *ejusdem generis* with a sale or a gift ; they are not to be extended to any and every act which may be said to be a disposition. The rule is, when general words follow, in a statute, words of particular and special meaning, if there be not a clear manifestation of a different legislative intent, they are construed as applicable to persons or things, or cases of like kind, as are designated by the particular words. The rule, it is said, " accords with the ordinary workings of the human mind. A writer who enumerates certain things, adding a general clause, mentions, as of course, the highest things, and some of each class, within those which he had in contemplation."—Bishop's Stat. Crimes, § 246 *b.* It would be a departure from the rule, not necessary to give effect to the legislative intent, and not within it, to give the general words, *or otherwise dispose of,* a meaning so loose and expansive as to include within them any act not akin to a sale or a gift, not intended as, and not having in it any of the properties of, a parting with property by one person to another. A common carrier, transporting the enu-

[Amos v. The State.]

merated liquors to the designated locality, and there delivering them to the consignee, or to the true owner, it may be said, in a large or loose sense, disposes of them. A warehouseman, with whom they were stored, delivering them on demand, could also be said to dispose of them; and a destruction of them intentionally could be denominated a disposition; and yet, these acts are not within the proper significance of the general words, nor are they within the objects and purposes of the statute.

The evidence tended to show that the liquor the defendant is charged with having disposed of in violation of the statute, was the property of the person to whom it was delivered; bought for him in Mobile by the father of the defendant as an agent merely, and that, as agent, the father had the custody of it; the defendant having no connection with it, and doing no other act than, on the request of the owner, to deliver to him a part of it, because it was not convenient at that time to take away the whole. If this be the real state of facts, and whether it be or not, it is the province of the jury to ascertain, there is no ground to charge the defendant with a violation of the statute; he has done no act offensive to it. It may be possible that there was not a purchase of the liquor by Bethea; that he had no ownership of it; that the introduction of his name as a purchaser was a mere device, and that, in fact, the real transaction was a sale by the father of the defendant to Bethea. If this be true, and, to consummate the sale, acting for his father, the defendant made delivery of the whiskey, then he would be guilty of a violation of the statute. An agent or servant is not excused from liability for an infraction of the criminal law, because the act may be done in the course and duty of his agency or servitude.—*State v. Bell*, 5 Port. 365; *Winter v. State*, 30 Ala. 22. But this hypothesis, if it be reasonable, is merely inferential from the transaction, and whether it is fairly and reasonably inferential, the jury alone can determine.

A general instruction to the jury, that if they believe the evidence, they ought to find the defendant guilty, is, to say the least, of doubtful propriety in all criminal cases. And if it is questioned, on error it can not be supported, unless the evidence is clear and conclusive, and without conflict, in its character, leaving no inference of fact to be drawn by the jury. *Carter v. State*, 44 Ala. 29; *Crawford v. State*, Ib. 45; *Perkins v. State*, 50 Ala. 154; *Foster v. State*, 47 Ala. 643; *Weil v. State*, 52 Ala. 19; *Sanders v. State*, 58 Ala. 371. The court below erred in the charge given to the jury, and in the refusal of the charges requested.

We pass the remaining question raised by the bill of exceptions, remarking only, that the Constitution guarantees to the person accused of crime the right to be heard by counsel; thus

[Ex parte The State of Alabama, in re Mohr.]

constituting the counsel an important element in the judicial investigation. Upon questions of law, which the court alone can decide, it may be, when the opinion of the judge is formed and fixed, that he may, in the exercise of a sound judicial discretion, decline to hear argument from counsel. But the discretion should be exercised sparingly and cautiously, and only when the question seems so clear as not to admit of argument.

Let the judgment be reversed, and the cause remanded. The defendant must remain in custody until discharged by due course of law.