State v. Turley.

The State v. Turley, *Appellant.*

Division Two, February 1. 1898.

|142 403|
|144 54|
|144 76|

1. **Criminal Law:** FALSE PRETENSES: FELONIOUS INTENT.  The *gravamen* of the fraudulent pretense made criminal by section 3564, Revised Statutes 1889, is "feloniously obtaining goods by false and fraudulent representations and statements," and if these facts are sufficiently charged, it is not error if the indictment fails to state, in so many words, that the defendant "feloniously intended" to commit the crime.

2. ———: INDICTMENT: REPRESENTATIONS TO CORPORATIONS.  It is not necessary in an indictment charging one with obtaining goods from a corporation by false and fraudulent representations, etc., to allege the representations were made to any officer or employee of the company, or believed by them.  The indictment is sufficient if such allegations were made as would be necessary in an indictment for the same kind of an offense against a natural person.

3. ———: ———: FORM OF INDICTMENT.  In the opinion an indictment, charging the defendant with feloniously obtaining goods from a corporation by false and fraudulent representations, contrary to section 3564, Revised Statutes 1889, is set out in full, and held good.

State v. Turley.

4. ———: OBJECTION TO IMPROPER EVIDENCE. It is the duty of counsel to point out what evidence it is claimed was improperly admitted, if they desire this court to consider it.

5. ———: EVIDENCE: OBTAINING GOODS FROM OTHER MERCHANTS. Evidence of the efforts of the defendant to obtain goods from other merchants, in the same place, made about the same time he obtained those from the prosecuting witness, upon the same character of statements and representations, is admissible for the purpose of showing the intent of the defendant.

6. Evidence: REPRESENTATIONS TO A CORPORATION. It is held that representations made to the credit clerk and agent of a corporation were made to the corporation.

*Appeal from Greene County Criminal Court.*—HON. C. B. McAFEE, Judge.

AFFIRMED.

*Francis M. Wolf* for appellant.

(1) The indictment is insufficient for the reason that it fails to state that the defendant feloniously intended to cheat and defraud the Springfield Stove Works, the corporation in question. *State v. McChesney*, 90 Mo. 120; *State v. Horn*, 93 Mo. 190. (2) The court erred in admitting illegal and irrelevant testimony as shown particularly on pages 1, 2, 3 and 4 of the bill of exceptions. (3) The verdict does not designate the punishment that the defendant was to receive. (4) Instruction numbered 1 assumes that the defendant made representations regarding his exemptions, when as a matter of fact there was no proof that any representations whatever were made by the defendant on that score. (5) Said instruction numbered 1 is wrong also in declaring to the jury that if it found that said corporation, through its agents, believed said representations to be true, it should find, etc., when as a matter of fact the representations were never communicated to said cor-

poration, its officers, directors or stockholders by any agent. (6) Instruction numbered 5 is bad for the reason that it assumes that all testimony regarding defendant's "transactions other than those described in the indictment," is indicative of wrongfulness on defendant's part with reference to all other transactions. (7) There was no legal proof affirmatively introduced showing that the Springfield Stove Works was at the time a corporation, duly incorporated under the laws of the State of Missouri. *Sykes v. People*, 132 Ill. 32.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The indictment in this case is unobjectionable. It contains every essential allegation as set out in the statute creating the offense, and fully notifies the defendant of the charge preferred against him. *State v. Smallwood*, 68 Mo. 192; *State v. Scott*, 48 Mo. 422; *State v. Feazell*, 132 Mo. 176; *State v. Bradley*, 68 Mo. 140; *State v. Vorback*, 66 Mo. 168; *State v. Flanders*, 118 Mo. 275; *State v. Lechtliter*, 95 Mo. 402; *State v. Janson*, 80 Mo. 97. (2) The false pretense is clearly and fully set forth in the indictment as required. *State v. Bonnel*, 46 Mo. 395; *State v. Terry*, 109 Mo. 601. (3) The instructions given on behalf of the State embody every principle of law involved in the case. Instruction 1 is clear. *State v. Alexander*, 119 Mo. 460; *State v. Brooks*, 99 Mo. 137. (4) Proof of admission or conversation made out of court is admissible in evidence. As far as it goes it must be considered in the light of a plea of guilty. Its truth is presumed by force of law. *State v. Peak*, 85 Mo. 190; *State v. Elliott*, 90 Mo. 380; *State v. Hicks*, 92 Mo. 431. (5) The acts of defendant, similar to the one charged against him, committed in the same city about the same time,

are admissible as tending to show intent. *State v. Sarony*, 95 Mo. 349; *State v. Bayne*, 88 Mo. 41; *State v. Alexander*, 119 Mo. 447.

BURGESS, J.—At the July term, 1897, of the Greene county criminal court, defendant was convicted of obtaining certain personal property of the alleged value of $63 by fraud and fraudulent pretenses, from the Springfield Stove Works in said county, and his punishment fixed at two years' imprisonment in the penitentiary. From the judgment and sentence he appeals.

The material parts of the indictment are as follows: "The grand jurors of the State of Missouri, impaneled, sworn and charged to inquire within and for the body of Greene county, upon their oath present that one E. H. Turley, late of the county and State aforesaid, on or about the 9th day of September, 1896, at the county of Greene and State of Missouri, then and there contriving, designing and intending to cheat and defraud the Springfield Stove Works, a corporation duly organized and incorporated under the laws of the State of Missouri, of goods, wares and merchandise, did apply to and request the said Springfield Stove Works to sell him, the said E. H. Turley, certain goods, wares and merchandise on credit, and to induce the said Springfield Stove Works, to sell him, the said E. H. Turley, said goods, wares and merchandise on credit, and to effect his said design and intent to cheat and defraud the said Springfield Stove Works, he, the said E. H. Turley, did then and there unlawfully, designedly, feloniously and falsely represent, pretend and state to the said Springfield Stove Works, that he, the said E. H. Turley, was then and there the owner in his own name, above all exemptions and liabilities of a stock, of goods, wares and merchandise, a more particular description

to these grand jurors being unknown, in the town of
Ascott, in the county of Douglas and in the State of
Missouri, of the aggregate value of three thousand dol-
lars. And the said Springfield Stove Works, believ-
ing said false pretenses and false representations, so
made as aforesaid, by the said E. H. Turley, to be true,
and being deceived thereby, was induced by reason
thereof to then and there sell and deliver to the said E.
H. Turley the following goods, wares and merchandise,
to wit: . . . . . . . . , all being of the aggregate value
of sixty-three dollars, of the goods and personal prop-
erty of the said Springfield Stove Works, which the
said E. H. Turley agreed and promised to pay for; and
that the said E. H. Turley, by means of the false pre-
tenses and representations so made as aforesaid, unlaw-
fully, feloniously and designedly did obtain and receive
of and from the said Springfield Stove Works the
goods, wares and merchandise above mentioned, with
the intent it, the said Springfield Stove Works, then
and there to cheat and defraud the same, whereas, in
truth and in fact, the said E. H. Turley was not then and
there the owner in his own name, above all exemptions
and liabilities, of a stock of goods, wares and merchan-
dise in the town of Ascott, Douglas County, Missouri, of
the aggregate value of three thousand dollars as so
falsely represented by him, the said E. H. Turley, to
the said Springfield Stove Works, as aforesaid, which
he, the said E. H. Turley, then and there well knew,
against the peace and dignity of the State.''

The facts are about as follows: At the time of the
alleged offense defendant was doing a small retail mer-
cantile business at Ascott, in Douglas county, Missouri.
On the ninth day of September, 1896, he went to the
office of the Springfield Stove Works, a corporation at
Springfield, Missouri, to buy some goods to replenish
his stock.   He was met in the office of the company by

an employee, by the name of Earnest Lovan, to whom he made his wants known. After making out a list of what he wanted, which amounted to about $63, he asked that he be given two or three months' credit, and represented to Lovan that he was worth, over all exemptions and liabilities, about $3,700, and stated that he had a stock of goods amounting to about $3,000, and that there were no mortgages against it. Lovan then asked defendant to make out and sign a statement of his assets and liabilities at that time, which he did, showing that he had a stock of goods on hands at an actual cost of $3,000; stock in transit, $50; accounts and notes considered good, $20; accounts and notes considered doubtful, none; cash on hand and in bank, $100; real estate not subject to exemption, $600; all other assets, $100; total assets, $3,870. He stated his liabilities in the following way: Owe for borrowed money secured, none; for borrowed money not secured, none; for merchandise not due, $100; merchandise past due, none; all other indebtedness, none; total liabilities, $100; net assets, $3,770. This statement was made and executed by the defendant. Upon these representations, and believing them to be true, Lovan sold upon credit to the defendant a bill of goods to the amount stated in the indictment. The evidence shows that at the time the statement was made the defendant was not worth above all liabilities the sum of $3,770, and that the statement so made by him in order to secure the credit was false, and known to be so at the time. To different other companies doing business in Springfield he stated that he had a stock of goods amounting to about $1,000. Mr. Sebree, an attorney for the Springfield Stove Works, a few days before the defendant was arrested, went to defendant's store for the purpose of collecting the bill, and, as he states, found not over $40 or $50 worth of goods in the store.

This statement, as made by Mr. Sebree, is not denied by defendant, but he states that the day before Mr. Sebree visited his store he removed the greater bulk of his goods to another part of the county. The evidence tended to show that at the time of the commission of the alleged offense defendant did not have over $1,000 worth of goods on hand.

The indictment is founded on section 3564, Revised Statutes 1889, which provides that "every person who, with intent to cheat or defraud another, shall designedly, by any false token or writing, or by any false pretense . . . . . . . obtain from any person any money, personal property, right in action or other valuable thing or effects whatsoever . . . . . . . shall be punished in the same manner and to the same extent as for feloniously stealing the money, property or thing so obtained."

The first question presented for determination is with respect to the sufficiency of the indictment which is questioned upon several grounds.

The first is that it does not allege that the defendant feloniously intended to cheat and defraud the Springfield Stove Works. The indictment alleged that the defendant, contriving, designing, and intending to cheat and defraud the Springfield Stove Works, a corporation, . . . . . . . did then and there unlawfully, designedly, feloniously and falsely represent, pretend and state, etc. It then proceeds to allege what the fraudulent representations, statements, and pretenses were, and in so doing the pleader followed the form laid down by Kelley in such cases in his work on Criminal Law and Practice, sec. 692, which, in so far as we are advised, has never been questioned. Substantially the same form is given in 1 McClain on Criminal Law, sec. 711. The *gravamen* of the offense was the feloniously obtaining the goods by false and fraudulent rep-

resentations and statements, and these facts the indictment sufficiently avers.

Another contention is that the indictment is invalid because it does not allege that the representations were made to any person or human being connected with said corporation, nor that the representations alleged to have been made by defendant were ever communicated to any officer, director or stockholder of said corporation, nor that said representations were relied on or believed by any officer, director or stockholder of said Springfield Stove Works. No such allegations were necessary, but it was sufficient if the same allegations were made that would be necessary in an indictment for the same kind of offense against a natural person. A corporation is "a body consisting of one or more persons established by law for certain specific purposes, with the capacity of succession (either perpetual or for a limited period) and other special privileges not possessed by individuals, yet acting in many respects as an individual." 4 Am. and Eng. Ency. of Law, 185. It can only speak and act through its board of directors or agents. Its directors are limited in number by its charter, but it may have any number of agents. No one would contend that representations of the character with which defendant is charged with making, if made in writing and addressed to a corporation, that it would be necessary to allege that they were relied upon by some particular director or agent of the corporation, and the same rule applies when such statements and representations are verbal. The indictment sufficiently informed the defendant of the nature of the offense charged against him, and was in all respects, so far as we have been able to discover, free from objection.

The action of the court in admitting testimony in behalf of the State, which defendant contends was

State v. Turley.

illegal and irrelevant, is complained of, but counsel for defendant has not favored us with even a suggestion of what evidence it was, except as hereinafter stated, that was improperly admitted, nor have we been able to discover it after a careful examination of the record. Where counsel makes such a point it is his duty to point out the ruling complained of, and wherein he claims that error was committed, in order not only that we may have the benefit of the suggestion, but that we may not overlook the question.

Instructions numbered 1 and 5, given on the part of the State, are challenged upon the ground that they were misleading. No other objection is urged against them. Nor is it suggested how or in what way they were misleading. They contained a correct interpretation of the law under the evidence adduced, as we understand it, and were in our opinion unobjectionable.

Another insistence is that the court erred in permitting G. M. Sebree, a witness for the State, to testify over defendant's objections to a conversation with defendant's father on the twelfth day of October, 1896, with respect presumably to defendant's stock of goods in the absence of defendant, but this contention is not borne out by the record, which fails to show that any such state of facts was testified to by this witness.

Evidence of other efforts upon the part of defendant made about the same time to obtain goods from other merchants, upon the same character of statements and representations, was admissible for the purpose of showing the intent of the defendant, and to this purpose that kind of evidence was properly restricted by the State's fifth instruction. So that defendant had no right to complain on that score.

Lovan, to whom the alleged false statements and representations were made, and from whom, by reason

thereof, the goods were obtained, was at the time the credit clerk and agent of the Springfield Stove Works, having authority to make such sales, and in such circumstances the obtaining the goods from him was but obtaining them from the corporation through him.

It was shown that Lovan was the credit clerk and agent of the Springfield Stove Works, and hence the false pretenses made to him were made to the corporation, and the property obtained from it through its authorized agent.

Finding no reversible error in the record, we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.