# Maxwell *v.* The State.

*Indictment for Selling Liquor Contrary to Law.*

1. *Selling liquor contrary to law; when not committed.*—Where the owner of a distillery receives apples to be distilled into brandy on shares, the delivery by such person to the original owner, after distillation of his share of the brandy, is not a violation of a local prohibition law, which makes it unlawful to sell; give away or otherwise dispose of spiritous, vinous or malt liquors.

APPEAL from the City Court of Anniston.
Tried before the Hon. JAMES W. LAPSLEY.

The appellant, John Maxwell, was indicted, tried and convicted under a local act making it unlawful to sell, give away or otherwise dispose of spiritous, vinous or malt liquors in Calhoun county. There was no conflict in the evidence, there being but one witness examined, and his testimony is stated in the opinion.

J. H. CALDWELL and T. C. SENSABAUGH, for appellant, cited *Amos v. State*, 73 Ala. 498; *Roberson v. State*, 100 Ala. 37.

CHARLES G. BROWN, Attorney-General, for the State, cited Acts of 1896-97, p. 683; Crim. Code of 1896, § 5076; *McClellan v. State*, 117 Ala. 140; *Roberson v. State*, 100 Ala. 37; *Segars v. State*, 88 Ala. 144; *Bains v. State*, 61 Ala. 75; *Reynolds v. State*, 73 Ala. 3; *Coker v. State*, 91 Ala. 92.

TYSON, J.—The defendant was indicted and tried for a violation of the local prohibition law in force in Calhoun county. The only evidence introduced showed that one Couch, sometime in August, 1897, delivered his apples to the defendant to distill into brandy on shares. In December following, Couch went back to the still of defendant, and a son of defendant, who lived with and worked with his father at the still, delivered to him his brandy. The evidence does not disclose whether the apples were divided before distillation, and the portion belonging to Couch distilled separately by defendant, or whether all the apples were distilled and a division of the brandy made. However, this would make no material difference in our conclusion. The contract was, in effect, that defendant was to get one-half of the brandy distilled from the apples, for manufacturing it. His share was to compensate him for the labor, etc., to be bestowed by him in the process of distillation. After the result was attained of converting the apples into brandy, the other half was the property of Couch. The defendant, so far as Couch's share of the brandy was concerned, had no such interest as that he could, by returning to Couch his property, be said to have sold, given or otherwise disposed of the brandy to him.—*Amos v. State*, 73 Ala. 498.

Reversed, and prisoner discharged.

