STATE v. ANDREW M. HULDER.

January 24, 1900.

Nos. 11,803—(23).

Grand Larceny—Indictment.

Indictment charging grand larceny in the first degree, in obtaining money from a railway company by falsely representing that defendant had been injured while in company's employ. Held, indictment states facts sufficient to constitute a crime.

**Evidence.**

Certain assignments charging error in receiving evidence examined, and not sustained.

**Judgment Sustained by Evidence.**

Evidence examined, and found to sustain the judgment.

Defendant was indicted in the district court for Hennepin county for grand larceny in the first degree. The case was tried before Simpson, J., and a jury, and resulted in a verdict of conviction. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Frank D. Larrabee* and *A. P. Loomis,* for appellant.

*W. B. Douglas,* Attorney General, and *C. W. Somerby,* Assistant Attorney General, for the State.

LEWIS, J.

The defendant was indicted for grand larceny in the first degree, and the trial resulted in a verdict of guilty. From the judgment entered thereon, defendant appeals.

Of the many assignments of error, only those will be considered which have been urged in the brief. All of the other assignments may be classified under three heads: First, as to error in the examination of certain jurors; second, in reference to the introduction of evidence; and, third, those directed to the refusal of the court to give certain requests. In the abundance of caution, we have examined all of these assignments, and find no one of them well taken, and it would add nothing of value to the disposition of the case to enter into a particular examination of those questions. It must be remembered that this court has established the rule that assignments not urged in the brief will be deemed to have been abandoned. Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Firemen's Ins. Co., 62 Minn. 315, 64 N. W. 902.

The indictment, in substance, charges that the said Andrew M. Hulder on March 1, 1898, at the city of Minneapolis, designing to cheat and defraud the Minneapolis, St. Paul & Sault Ste. Marie Railway Company of its property, did falsely and fraudulently pretend and represent to said railway company that he, said Hulder, on Jan-

uary 19, 1898, at Armstrong creek, state of Wisconsin, while in the employ of said company, did receive bodily injuries, to wit, prolapsus of the rectum, through and by reason of the carelessness and negligence of said company, and said Hulder did then and there fraudulently demand of the said company the sum of $1,250 for said pretended injury, and the said company, believing all of said false and fraudulent statements to be true, and not knowing to the contrary, and relying thereon, paid said Hulder $1,250, whereas, in truth and in fact, the said Hulder did not on January 19, 1898, or at any other time, while in the employ of said company or otherwise, or at all, receive and sustain great and serious bodily injury, or any injury whatever, but, on the contrary, all of said statements, representations, and pretenses so made by the said Hulder were false, as he then and there well knew, etc.

The first objection urged against this indictment is that it does not state facts sufficient to constitute a crime, because the names of the natural persons to whom said representations were made are omitted. The argument advanced in support of this objection is that the defendant was deprived of notice as to the nature of the offense, which was necessary to enable him to prepare for trial. The objection does not go to the sufficiency of the indictment. State v. Turley, 142 Mo. 403, 44 S. W. 267. While a corporation can only act and speak, and be spoken to, through its officers and agents, it is nevertheless a person in law. G. S. 1894, § 6842.

The next objection advanced against the indictment is that it does not positively and distinctly set forth the offense, in this: that the truth of the statements alleged to have been made to the company is not denied. The gist of the representation made by defendant to the company is that at a certain time and place, while in the employ of the company, by reason of its negligence he suffered an injury, to wit, prolapsus of the rectum. The indictment states that defendant did not at any time receive serious bodily injury, or any injury whatever, but that all of said representations were false. There is no specific denial of the defendant's employment by the company, and no separate and specific denial that the company was negligent. The fact of employment is admitted, but

the fact of the injury as stated by the negligence of the company is denied. The indictment is sufficient.

Again, it is urged that, if the denials above referred to are sufficient to negative the alleged statements of defendant to the company, then it appears conclusively from the evidence that an accident did occur, that defendant did receive an injury, and that within a few hours thereafter prolapsus of the rectum did occur. It is claimed that the court erred in receiving evidence of defendant's condition prior to the alleged accident. This evidence consists of the testimony of a physician who had treated defendant in July, 1896, for prolapsus of the rectum, and the testimony of a witness who testified to admissions by defendant in 1897 to the effect that he had suffered with that difficulty before that time. This evidence was proper, because it bears directly upon the effect of the injury which defendant claimed to have received January 19, 1898. If he had the rectal trouble one or two years prior thereto, such fact was proper to be taken into consideration in determining the effect of the injury, if any, received on January 19, 1898. But, says defendant, granted that he was treated for prolapsus 18 months prior, and that he had admitted being so afflicted, yet the fact that he had been working for the company seven months prior to January 19, 1898, and to all appearances was a sound and healthy man, was sufficient to establish as an undisputed fact that he had recovered, and, if he had a recurrence of the trouble immediately after the incident of January 19, it conclusively appeared to be the result thereof. It was for the jury to say from all of the evidence referred to whether the prolapse appearing after January 19 was the result of the occurrence of that date. For the same reason it was proper to receive the testimony of the physicians who treated the defendant, who testified as to statements made by defendant that he never had suffered from prolapse prior to January 19, 1898. The attorneys for defendant appear to have made objections to the introduction of testimony, and to have tried and submitted the case upon the theory that if it appeared that defendant had prolapse immediately after the occurrence of January 19, 1898, it was immaterial whether he had such trouble prior thereto. As before stated, it was com-

petent to show the man's history in that respect, as bearing upon the truthfulness of his representations.

Defendant also argues to the effect that it appears clearly from the evidence that the company did not rely upon the said statements of defendant, and did not pay him the money because of the same, but that the company settled with him to get rid of him. It appears from the evidence that before making payment the officers in charge of the settlement were in possession of the facts as reported by the physicians. Defendant himself admits that he told Collins, the claim agent, that he had always been a sound and healthy man up to the time of the accident. Because the agent said he settled to get rid of him, it does not follow that he did not rely upon the truth of the statements that defendant had been so injured.

We are satisfied from a careful examination of the record that the defendant had a fair and complete opportunity to present his defense. The trial judge appears to have used every precaution to protect the interests of defendant, and to afford him every facility to maintain his defense. The case was submitted to the jury in an able and impartial manner, and the verdict and judgment are fully sustained by the evidence.

Judgment affirmed.