# Feibelman *v.* The State.

*Indictment for Selling Vinous, Spirituous or Malt Liquors.*

1. *Appeal from judgment of criminal court; when conclusion of judge on evidence is not reviewable.*—Where a criminal case was tried by the judge of the criminal court of Jefferson county without the intervention of a jury, the conclusion of fact reached by the judge from the evidence is not reviewable by the Supreme Court.
2. *Prohibition law; legislature has power to prohibit sale of malt liquors although not intoxicating.*—In enacting prohibition laws, the legislature can, in connection with other liquor prohibit· the sale of malt liquor, whether intoxicating or not.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant was indicted ,tried and convicted "for selling, spirituous, vinous and malt liquors without a license and contrary to law." The statute under which the indictment was drawn prohibited the selling of

spirituous, vinous or malt liquors or intoxicating bitters or beverages within three miles of Ruhama Baptist Church, East Lake, Jefferson county (Acts of 1880-81, p. 156).

It was shown on the trial of the case that the defendant, at East Lake, within three miles of Ruhama Baptist church, sold a liquor known as "Hop Jack." Upon examination by expert chemists, they testified that they had analyzed the liquor called "Hop Jack," and found that it contained from 1¾ to 2 per cent. alcohol. They further testified that this "Hop Jack" was produced by fermentation of malted barley, diluted with water, and was, therefore, a malt liquor; but that the liquor "Hop Jack" was not capable of producing intoxication. The defendant thereupon moved the court to exclude all of the testimony, upon the following grounds: 1. That the beverage shown to have been sold by the defendant was not included within the statute. 2. That said beverage called "Hop Jack" was not intoxicating. The court overruled the motion, and the defendant duly excepted.

The cause was tried by the court without the intervention of a jury, and, upon hearing all of the evidence, the court found and adjudged the defendant guilty as charged in the indictment.

M. M. ULLMAN and J. M. McMASTER, for appellant. Before a conviction can be had for a violation of this statute, it must appear that the beverage sold is something more than a mere malt liquor. It must be shown that it is reasonably practicable to be used as an intoxicant or that the quantity necessary to produce intoxication may reasonably be drunk. Only such liquors as are reasonably liable to be used as intoxicating beverages are within the prohibition of the statute.—*Dunham v. Wadsworth*, 98 Ala. 610; *Townley v. State*, 18 N. J. L. 321; *People v. Crilley*, 20 Barb. (N. Y.) 246; *Marx v. People*, 99 N. Y. 380; *Jacob's Case*, 98 N. Y. 98; *Carl v. State*, 87 Ala. 17; *Kansas Liquor Cases*, 25 Kan. 751; *Riggs v. Palmer*, 115 N. Y. 506; *Wilson v. Donaldson*, 10 Am. St. Rep. 48.

CHAS. G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—The appellant was indicted for selling vinous, spirituous, or malt liquor in violation of a local prohibition statute. The trial was had before the judge of the Jefferson criminal court without a jury, and the defendant was found and adjudged guilty. The evidence tended to show that the defendant sold a liquor called "hop jack" within the prohibitory district, and that this hop jack was a *malt* liquor. The conclusion of the judge on the evidence was excepted to and is here assigned as error. We know of no statute authorizing this court to review conclusions of fact reached by the judge of the Jefferson criminal court in trials without jury; but if there be such statute we would have no hesitation in concurring in the finding in this case.

Other exceptions were reserved to the rulings of the trial court on the admissibility of evidence, and these we will consider. They raise but one question. That is whether the legislature has the power to prohibit the sale of malt liquors which are not intoxicating. We shall not follow counsel to a general discussion of the police power and its limitations in this connection. We may for all the purposes of this case concede, without indicating any opinion upon the question, that the legislature may not in the exercise of the police power prohibit the sale of a malt liquor which is not intoxicating nor otherwise deleterious in any way where the sole purpose and object is the prevention of the sale of that particular character or quality of malt liquor. But it is common knowledge that most malt liquors are intoxicating and harmful when used excessively, and are capable of excessive use as a beverage. The sale of all such of course the legislature has the power to prohibit. But if the prohibition should in terms go only to the sale of intoxicating malt liquors, there would be left open such opportunities for invasions of the law and there would arise such difficulties of proof as that the law could not be effectively executed; and the lawmakers having the undoubted power to prohibit and to prevent the sale of intoxicating malt liquors, and to enact to that end a law which can be executed so as to se-

cure it, and finding that this cannot be accomplished without extending the prohibition to all malt liquors, whether intoxicating or not, such extension, necessary to prevent the sale of intoxicants, is as essentially the proper exercise of the police power as the inhibition with reference to intoxicants. Our prohibition statutes very generally have provisions which are merely intended to be ancillary to and to prevent evasions of, or to avoid difficulties of proof in respect of, their main purpose, to prevent the sale of intoxicants. For instance, it is quite usual for them to interdict the *giving away* of intoxicating liquors. Now it is not in the minds of the legislators that enough such liquor is going to be given away to constitute the evils intended to be eradicated; but it may well be that the prohibition of the sale could and would be evaded under the forms and color of gifts to such extent as to defeat in great measure the purpose of the statute. So too some of the statutes prohibit the sale, etc., of fruit preserved in alcoholic liquor, but this is not upon any idea that *bona fide* sales or gifts of such fruits would emasculate the statute or would be an evil, but it is upon the other consideration that such sales, etc., would not be in good faith of the fruit, but that the fruit would be employed as a cover for transactions really involving sales of intoxicating liquors; and there is no doubt but that *bona fide* sales of fruit so preserved, not sales of the liquor preservative, may be prohibited because to allow such sales would open the door to mischievous evasions of the statute aimed at sales of intoxicating liquors. We might perhaps rest our concurrence with the ruling of the criminal court on the admissibility of evidence, upon broader grounds; but we are content to put it upon the consideration adverted to.

The judgment is affirmed.