# Vernon *v.* The State.

### *Violating Prohibition Law.*

(Decided June 17, 1909. 50 South. 57.)

1. *Commerce; Original Package; Division of Contents.*—Where a
defendant ordered four quarts of whisky from a dealer in Tennessee
which was shipped in one box by express, the package became sub-
ject to the state laws, and ceased to be interstate commerce when it
was broken, and the contents removed.

2. *Intoxicating Liquors; Sales; Unlawful Disposition.*—Where the defendant ordered liquor for himself and another from a dealer without the state, having received the amount sufficient to pay for such liquor prior to the order, the defendant was an agent to purchase said liquor, and not liable under section 7363, Code 1907, and the separation of the liquor was not such a sale or other unlawful disposition of the liquor, as to be within the statute, nor was such a purchase by the defendant an offense to aid or procure an unlawful sale or purchase or other disposition of liquor, or to act as agent for the purchaser, in procuring an unlawful purchase, since the purchase was lawful as made.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Tom Vernon was convicted of purchasing liquor in violation of law, and appeals. Reversed and remanded.

T. C. SENSABAUGH, for appellant.—Under the evidence in this case the affirmative charge should have been given.—*Maxwell v. The State,* 120 Ala. 375; Sec. 7363, Code 1907.

ALEXANDER M. GARBER, Attorney-General, for the State.—The interstate feature of the transaction ceased when the contents were removed from the package.— *Keith v. The State,* 91 Ala. 2; *Tinker v. The State,* 90 Ala. 639. The defendant was properly convicted.— *Mitchell v .The State,* 141 Ala. 90.

McCLELLAN, J.—These were the facts developed on the trial: Sargent requested the defendant, and he consented, to order for Sargent, from a dealer in the state of Tennessee, two quarts of whiskey. Sargent gave defendant $1.25, and defendant was indebted to Sargent in the sum of $1. Defendant ordered four quarts of whiskey from such dealer, the total price of which was $4.50. The whisky (four quarts) was addressed to and received by defendant by express carriage. The shipment was packed in one box. Defendant opened the box and took therefrom two of the quarts for delivery, and

did deliver them to Sargent, in Calhoun county. Under our *Keith* and *Tinker Cases,* reported in 91 Ala. 2, 8 South. 353, 10 L. R. A. 430, and 90 Ala. 638, 8 South. 814, respectively, following as they do the Original Package Cases rendered by the Supreme Court of the United States, the holding, on the facts stated, must be that the liquors delivered by defendant to Sargent were denuded of their interstate commerce character and became subject to the unrestricted power of this state when defendant removed them from the original package, viz., the box.

The original purchase of the four quarts of liquor was affected in Tennessee, beyond the power of condemnation of our prohibitory statutes, and hence could not have been unlawful within our statutes. Thus far there can be no question, we think, that defendant was acting as the agent of Sargent, and that without interest in the purchase or reward for his services, within the principle declared in *Maples' Case,* 130 Ala. 121, 30 South. 428, and others of that class. Such having been defendant's relation to the two quarts delivered by him to Sargent, a relation of uninterested and unrewarded agency for Sargent, of what criminal act could he have been guilty under the indictment against him.

Five counts constituted the indictment. Three of them pursued, in substance, the phraseology of the general prohibition law. Acts Sp. Sess. 1907, p. 71. The fourth count charged that the defendant "sold, gave away, or otherwise disposed of" spirituous, etc., liquors without a license and contrary to law. The 5th count charged that defendant "sold spirituous, vinous, or malt liquors without a license and contrary to law." By Code 1907, § 7363, it is made an offense, among other acts therein forbidden, for any person to "act as agent or assisting friend of the seller or purchaser in procuring or effect-

ing the unlawful sale or purchase of any such liquors." It is also provided in this statute that a "conviction may be had for a violation of this section under an indictment for selling spirituous, vinous or malt liquors without license and contrary to law."

Since the defendant, in effecting the purchase outside the state of Alabama, from a nonresident dealer, was acting as the agent of Sargent, and the two quarts later delivered to Sargent by him was the property of Sargent from the moment the sale was effected in Tennessee, it is evident that the defendant did not violate the statute cited (section 7363), for the reason that, under the evidence in this record, the defendant did not aid, abet, counsel, or procure an unlawful sale or unlawful purchase, or unlawful gift, or other unlawful disposition, of liquor of the condemned classes; nor did the defendant act as agent or assisting friend of the seller or purchaser in procuring or effecting an unlawful sale or purchase within the condemnation of the statute.

Whatever may be the whole effect of the statute it is obviously bottomed on acts, within its terms, relating to unlawful, and that only, dispositions of liquors of the forbidden classes. In other words, the statute is, in a sense, ancillary. It in effect condems aiding, abetting, procuring, assisting, etc., in an unlawful disposition of defined liquors. To violate this statute the liquor involved must be of the classes prohibited by law and the dealing in respect to such liquors must be unlawful. The liquor purchased in this instance became, as stated, the property of Sargent and defendant beyond the limits of this state, and was, accordingly, not unlawful under our statutes. The separation of Sargent's share of the liquor from that of the defendant did not constitute a sale or other unlawful disposition thereof.—*Maxwell's Case,* 120 Ala. 375, 25 South. 235; *Amos Case,*

[Vernon v. The State.]

73 Ala. 498. In *Amos' Case*, "otherwise disposed of" was defined. The disposition forbidden was, as here, contexted with the words "sell, give away," etc., and the court applied to the term the rule of ejusdem generis, and hence construed the expression so as not to extend it to any and every act which may. be said to be a disposition.

There is no count in the indictment charging a violation of the act approved July 19, 1907 (Acts 1907. p. 488), appearing in, though not a part of, Code 1907, § 7371 et seq. The constitutionality of that act has been doubted because of asserted imperfections growing out of the silence, in some particulars, of the Senate Journal. We do not, of course, consider or determine that question. Section 7363 condemns acts in respect of a sale, purchase, gift, etc., or other disposition of certain liquors, but does not include a delivery thereof aside from effecting a sale, purchase, gift, or other disposition; hence the indictment provided for in that section does not comprehend the acts condemned by the mentioned act approved July 19, 1907.

There is no evidence to support any count of the indictment. The defendant was, hence, improperly convicted.

The affirmative charge, requested for defendant, should have been given.

The judgment is reversed and remanded.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.