# O'Brien *v.* The State.

*Violating Prohibition Law.*

(Decided Feb. 8, 1912. 57 South. 1028.)

1. *Intoxicating Liquors; Sale; Gift.*—Unless the delivery of the liquor was accompanied by an intention to transfer the right of property and possession therein, with or without consideration, there was no illegal sale or giving away of the liquor.

2. *Same; Unlawful Disposition; Otherwise Disposing of.*—Under Acts 1909, p. 63, Section 31, the delivery of a bottle of whisky by the defendant to a friend to be kept for him while he went before the grand jury to testify, would not support an indictment charging that the defendant sold or otherwise disposed of intoxicants contrary to law, unless it was further shown that he consented that such friend should use some part of the liquor.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Bill O'Brien was convicted of violating the prohibition law and he appeals. Reversed and remanded.

[O'Brien v. The State.]

LACY & LACY, for appellant. Under the evidence in this case the defendant was entitled to, and should have been given the affirmative charge.—*Coker v. The State,* 91 Ala. 94; *Reynolds v. The State,* 73 Ala. 3; *Amos v. The State,* 73 Ala. 501; *Roberson v. The State,* 100 Ala. 63; *Roberson v. The State,* 100 Ala.37.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The offense charged in the indictment was supported by the evidence, and hence, the court was not in error in refusing the affirmative charge.—Sec. 31, Acts 1909, p. 63; *Roberson v. The State,* vJJ *Ala.* CG.

WALKER, P. J.—On the trial of the defendant by the court sitting without a jury, he was convicted under the first count of the indictment, which charged that he "sold, offered for sale, kept for sale, or otherwise disposed of, spirituous, vinous, or malt liquors, contrary to law." The evidence against him was to the effect that the witness for the State, one Cross, an acquaintance of the defendant, who lived at Corona, where the defendant also lived, and the defendant casually met at the railroad depot at Jasper, and went up into the town together; "that after getting up to town defendant told him (the witness) that he had to go before the grand jury, which was in session at that time, and told witness that he had a pint of whisky, and that he wanted the witness to keep the whiskey for him while he went before the grand jury; that the defendant handed the whiskey to witness, and then went before the grand jury, or went to the courthouse; that witness drank some of the whiskey which defendant had given him, and never returned the same to the defendant;" that witness did not pay the defendant for the whiskey, nor did the defendant offer to sell the whiskey to the wit-

ness, or ever ask him to pay for it; that the defendant, at the time the whiskey was handed to the witness, did not tell the witness to take a drink, or that he could have a drink of the whiskey, and the witness did not use any of the whiskey in the presence of the defendant: It further appeared that after Cross and the defendant separated the former got drunk, was arrested and put in jail, and carried before the grand jury the next day.

It is plain that the evidence did not show either a sale, a keeping for sale, or a gift of the whiskey by the defendant. There was no evidence tending to show that the delivery of the whiskey was accompanied by an intention, on his part, to transfer to Cross the right of property and possession in the whiskey, or any part of it, for a consideration, or without a consideration.— *Coker v. State,* 91 Ala. 92, 8 South. 874; 4 Words & Phrases, 3092. It is equally plain that the defendant did not "otherwise dispose of" the whiskey, within the meaning of that part of the charge against him, unless those words, in the connection in which they are found, have been given by statute such an import as to make them cover a mere delivery of a prohibited liquor to another, unaccompanied by any intention on the part of the person so parting with its possession that the person to whom the delivery is made, or any one else other than the owner, may consume or use the whole or any part of it. Construction has been given to those words as used in statutes rendering it unlawful "to sell, give away, or otherwise dispose of spirituous, vinous or malt liquors."—*Amos v. State,* 73 Ala. 498; *Reynolds v. State,* 73 Ala. 3; *Norris v. Town of Oakman,* 138 Ala. 411, 35 South. 450. In the opinion delivered in the case of *Amos v. State, supra,* the court, after referring to the rule which requires that the meaning of a word used in a statute must be construed in connection with

the words with which it is associated, and that words of general import in a statute are limited in their meaning by words of restricted import which they immediately follow, unless there is a clear manifestation of a different legislative intent, said: "It would be a departure from the rule, not necessary to give effect to the legislative intent, and not within it, to give the general words or otherwise dispose of a meaning so loose and expansive as to include within them any act not akin to a sale or a gift, not intended as, and not having in it any of the properties of, a parting of the property by one person to another. A common carrier, transporting the enumerated liquors to the designated locality, and there delivering them to the consignee, or to the true owner, it may be said, in a large or loose sense, disposes of them. A warehouseman, with whom they were stored, delivering them on demand, could also be said to dispose of them, and a destruction of them intentionally could be denominated a disposition; and yet these acts are not within the proper significance of the general words, nor are they within the objects and purposes of the statute." So much as to the import of the words in question, when used in the connection in which they are found in the charge made against the defendant, in the absence of a clear manifestation of a legislative purpose that their meaning is not to be limited by words of more restricted import with which they are found associated.

But there is a legislative expression as to the meaning to be given to those words as they were used in the indictment in this case. "The term otherwise dispose of following the words sold, offered for sale, kept for sale, when employed in any warrant, process, affidavit, indictment, information or complaint, * * * shall include and be deemed to include barter, exchange,

giving away, furnishing, or any manner of disposition by which said liquors and beverages may pass unlawfully from one person to another." Acts Special Session 1909, pp. 63, 91, § 31. There is nothing in this provision to indicate a purpose to give to the words under consideration, when used as they were used in the indictment in this case, "a meaning so loose and expansive as to include within them any act not akin to a sale or a gift, not intended as, and not having in it any of the properties of, a parting of the property by one person to another." The statute does not undertake to give to such a use of the words in question the effect of describing or embracing a mere delivery of prohibited liquor by one person to another for no other purpose than its safe keeping for the benefit of the person so temporarily parting with the possession of it. The delibery of the bottle of whiskey by the defendant to an acquaintance, to keep for him while he went before the grand jury, there being nothing in the evidence to support an inference that the defendant intended or consented that the person to whom it was handed was to be at liberty to use or consume any part of it, was not embraced in the charge made by the indictment. From the conclusion that the conviction was not warranted by the evidence, it follows that the judgment appealed from must be reversed.

Reversed and remanded.