(81 South. 619)

PERRY v. SOUTHERN EXPRESS CO.
(7 Div. 976.)

(Supreme Court of Alabama. April 17, 1919.)

1. INTOXICATING LIQUORS ⬤═299—CIVIL LIABILITY—"PERSON."

The right of action given in Acts 1915, p. 10, § 8, to parent, wife, etc., injured in means of support by an intoxicated person, etc., against any "person" selling, etc., intoxicating liquors causing the intoxication, includes express companies, and other common carriers (citing Words and Phrases, vol. 1, p. 978).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

2. CONSTITUTIONAL LAW ⬤═81—POLICE POWER—INTERNAL REGULATION.

The Legislature is vested with authority, under the police power (Const. 1901, § 44), to regulate the internal affairs of the state, embracing the whole system of internal regulation, to preserve order, legislate for public welfare, and, to that end, to suppress any and all practices tending to corrupt the public morals.

3. INTOXICATING LIQUORS ⬤═138—DELIVERY TO MINOR—INTERSTATE COMMERCE.

An express company is guilty of a crime in delivering shipments of liquor from another state to a minor in Alabama, under Gen. Acts 1915, p. 43, § 10, and the Webb-Kenyon Act (U. S. Comp. St. § 8739).

4. INTOXICATING LIQUORS ⬤═285—CIVIL ACTION — CARRIERS — "OTHERWISE DISPOSING OF."

Gen. Acts 1915, p. 10, § 8, giving a cause of action against persons selling, giving, or "otherwise disposing of" intoxicating liquors, etc., does not give a right of action against a common carrier for delivering prohibited liquors to a consignee who is a minor.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Action by Laura Perry against the Southern Express Company. Judgment for defendant, and plaintiff appeals. Affirmed.

L. B. Rainey, of Gadsden, for appellant.
Alto V. Lee, of Gadsden, for appellee.

THOMAS, J. Demurrer being sustained to counts 1 to 5, inclusive, because of such adverse ruling, a nonsuit with a bill of exceptions was taken.

In the act of January 23, 1915, and section 8 thereof, provision is made for suit at law for all damages actually sustained, and for exemplary damages, by a wife, child, parent, or other person who shall be injured in person, or property or means of support by any intoxicated person, or in consequence of the intoxication of any person. The right of action is "against any person who shall be selling, or giving or otherwise disposing of to another [such person] contrary to the provisions of law, any liquors or beverages, cause [causing] the intoxication of such person. * * *" Gen. Acts 1915, § 8, p. 10.

Was, then, the delivery of the liquors in question to plaintiff's minor son as charged contrary to the provisions of the law? It is provided by an act "to further promote temperance and suppress the evils of intemperance," etc., "that, it shall be unlawful for any railroad company, express company, or other common carrier, or any person, agent, employé thereof, or any other person, to deliver to any minor in this state, any of the liquors mentioned in section 1 of this act, that may be brought into this state from any point or places mentioned in section 1 of this act." Gen. Acts 1915, § 10, pp. 39, 43. The prohibited liquors mentioned in section 1 of said act are spirituous, vinous, malted, fermented, or other intoxicating liquors of any kind; and it is made unlawful for any railroad or express company, or other common carrier, or any officer, agent or employé thereof, to transport into, or to deliver in this state in any manner, or by any means whatsoever, said liquors, when intended to be received, possessed, sold, or in any manner used, either in the original package, or otherwise, in violation of law. Gen. Acts 1915, § 1, p. 39; State v. T. J. Mattox Cigar & Tob. Co., 77 South. 755;[1] Feibelman v. State, 130 Ala. 122, 30 South. 384; State ex rel. Black v. Sou. Exp. Co., 200 Ala. 31, 75 South. 343.

The several counts of the complaint allege that liquors were delivered to the minor contrary to law, respectively, as spirituous liquors (count 1); a package of intoxicating liquors (counts 2 and 4); prohibited liquors (count 3); and whisky which caused the intoxication of said minor (count 5). By such general averment, permissible in complaints, it is asserted that the liquors, alleged in the several counts to have been delivered contrary to law to said minor, were prohibited liquors within the definition of the statute.

[1] The right of action given in section 8 of the act of 1915 (page 10) "against any person" so offending included express companies and other common carriers. Gen. Acts 1915, p. 43, § 10; Words and Phrases, vol. 1, p. 978, "Carriers"; Code 1907, § 1, p. 217; Bailey v. State, 159 Ala. 4, 48 South. 791, 17 Ann. Cas. 623; State v. Turley, 142 Mo. 403, 410, 44 S. W. 267; State v. Hulder, 78 Minn. 524, 526, 81 N. W. 532.

[2] The Legislature is vested with authority, under the police power (Const. § 44), to regulate the internal affairs of this state, embracing the whole system of internal regulation, to preserve order, legislate for public welfare, and, to that end, to suppress any and all practices tending to corrupt the public morals. Cooley's Const. Lim. (7th Ed.) 829 et seq.; Boyd v. Alabama, 94 U. S. 645, 24 L. Ed. 302; Beer Co. v. Massachusetts,

97 U. S. 25, 33, 24 L. Ed. 989; Amer. Union Tel. Co. v. W. U. Tel. Co., 67 Ala. 26; Feibelman v. State, supra; Const. Alabama, § 104 (2); State ex rel. Black v. Sou. Exp. Co., supra; State v. T. J. Mattox Cigar & Tob. Co., supra; Standard Chem. & Oil Co. v. City of Troy, 77 South. 383, 384, 385;[2] L. R. A. 1918C, 522; Purity Ext. Co. v. Lynch, 226 U. S. 192, 33 Sup. Ct. 44, 57 L. Ed. 184; Clark Dist. Co. v. West. Md. Ry. Co., 242 U. S. 311, 37 Sup. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845.

In State ex rel. Black v. Sou. Exp. Co., 75 South. 343, 345, 346,[3] this court disposed of the several grounds of demurrer directed against the complaint as to the same being interstate shipments and deliveries of prohibited liquors by the Southern Express Company. The state statutes were construed in relation to the Webb-Kenyon Act (Act March 1, 1913, c. 90, 37 Stat. 699 [U. S. Comp. St. § 8739]) as follows:

"All of the shipments referred to in the pleadings originated outside of the state of Alabama, and were consigned for delivery at points in Alabama. The traffic in intoxicants in this state has been prohibited, to the legislatively avowed end of promoting temperance and of preventing drunkenness. Sou. Ex. Co. v. Whittle, 194 Ala. 406, 69 South. 652, 675–678, L. R. A. 1916C, 278. In addition, valid ancillary prohibitions and regulations, reasonably conceived to be in aid of the stated major purposes entertained by the lawmakers, have been enacted. Sou. Ex. Co. v. Whittle, supra; Purity Ex. Co. v. Lynch, 226 U. S. 192, 33 Sup. Ct. 44, 57 L. Ed. 184; Feibelman v. State, 130 Ala. 122, 30 South. 384; Marks v. State, 159 Ala. 71, 80, 48 South. 864, 133 Am. St. Rep. 20. Many of the laws of Alabama token and validly effectuate a purpose to avail of the opportunity afforded the state by the federal Webb-Kenyon Act, to promote temperance and to prevent drunkenness. Sou. Ex. Co. v. State, 188 Ala. 454, 66 South. 115; Sou. Ex. Co. v. Whittle, supra. Through the recent decision delivered by the Supreme Court of the United States, in response to the appeals of the James Clark Distilling Company against the railway company, the express company and the state of West Virginia, the constitutional validity of the Webb-Kenyon Act was broadly, completely affirmed. 242 U. S. 317, 37 Sup. Ct. 180, 61 L. Ed. 326 [L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845]. In determining its validity Chief Justice White, speaking for the court, said: 'It is true the regulation which the Webb-Kenyon Act contains permits state prohibitions to apply to movements of liquor from one state into another, but the *will* which causes the prohibitions to be applicable is *that of Congress,* since the application of state prohibitions would cease the instant the act of Congress ceased to apply.' (Italics supplied.) In eliminating from consideration 'the leading state' case cited,' Van Winkle v. State, 27 Del. (4 Boyce) 578, 91 Atl. 385, Ann. Cas. 1916D, 104, the court said: ' * * * It (the Van Winkle Case) necessarily rested upon an entire misconception of the text of the Webb-Kenyon Act, because that act did not simply forbid the introduction of liquor into a state for a prohibited use, but took the protection of interstate commerce away from all receipt and possession of liquor prohibited by state law.'

"The appeal in Sou. Ex. Co. v. Whittle, 194 Ala. 406, 69 South. 652, L. R. A. 1916C, 278, evoked from this court a decision justifying the carrier in its refusal to receive at Pensacola, Fla., for transportation to and delivery at Ramer, Ala., a shipment of whisky that exceeded in amount the quantity of whisky a person might, under the laws of Alabama, receive during the prescribed period, or have in his possession in Alabama, at one time, for personal use only. The theory upon which the decision in the Whittle Case proceeded was that an interstate carrier to which a shipment of prohibited liquors was tendered outside of the state, to be transported and delivered in Alabama, could, in consequence of the effect wrought by the Webb-Kenyon Act when vitalized by valid state enactment, decline to receive such consignment that to transport *and deliver to a consignee in Alabama would constitute or contribute to a violation of the statutes of Alabama* governing the receipt, delivery, or possession of prohibited liquors." (Italics supplied.)

[3, 4] So much for the statute making the delivery of prohibited liquors to a minor a crime. However, the question here is, Does the statute give a right of action against a common carrier for delivering prohibited liquors to a consignee who is a minor? It is necessary, in construing section 8 of the act of January 23 (Gen. Acts, 1915, p. 10) to ascertain the meaning of the words "be selling, or giving or otherwise disposing of to another contrary to the provisions of the law," any of the prohibited liquors; and to ascertain the construction theretofore placed on the words "otherwise disposing of" as succeeding the words "selling or giving" prohibited liquors as such words appear in other statutes.

We are mindful of the rule of ejusdem generis, contained in the recent case of the State v. Western Union Tel. Co., 196 Ala. 570, 572, 573, 72 South. 99, 100, which avers that—

"This maxim of ejusdem generis, as that where general words follow the enumeration of a particular class of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated, has no application to the statute under construction. For the maxim is only an illustration of the broader maxim noscitur a sociis, as that general specific words which are capable of an analogous meaning, being associated together, take color from each other; so that the general words are restricted to a sense analogous to that of the less general. Endlich on Interp. Stat. § 400; Broom's Max. 588; 1 Vent. 225. It has never been supposed that, where this rule has application, it is required that the general terms be entirely rejected (Jenkins v. Thomas, 4 Term. Rep. 666; State v. Williams, 2 Strob. Law [S. C.] 474); but that every part of a statute should, if possible, be upheld and given appropriate force (Cooley, Const. Lim. [7th Ed.] p. 91; 2 Lewis'. Sutherland Stat. Const. § 380;

[2] 201 Ala. 89.   [3] 200 Ala. 31.

State ex rel. v. Lane, 181 Ala. 655, 62 South. 31). So it has been declared that when it can be seen that the particular word by which the general is followed was inserted, not to give coloring to the general word, but for a distinct object, and when, to carry out the purpose of the statute, the general word ought to govern, it is a mistake to allow the ejusdem generis rule to pervert the construction. State v. Broderick, 7 Mo. App. 19. It is then a rule of intention, and where the circumstances show that a reliance upon the rule would defeat rather than effectuate the intention, it must be rejected. Williams v. Williams, 18 Tenn. (10 Yerg.) 20."

This rule has to be taken in connection with the construction in Amos v. State, 73 Ala. 498, of a statute making it unlawful to sell, give away, or otherwise dispose of designated liquors, and where the words "otherwise dispose of," following the words "sell, or give away," were construed as extending only to a disposition ejusdem generis with a sale or gift, and not to extend to or embrace any and every act which may be said to be a disposition. Mr. Chief Justice Brickell said:

"A common carrier, transporting the enumerated liquors to the designated locality, and there delivering them to the consignee, or to the true owner, it may be said, in a large or loose sense, disposes of them. A warehouseman, with whom they were stored, delivering them on demand, could also be said to dispose of them; and a destruction of them intentionally could be denominated a disposition; and yet, these acts are not within the proper significance of the general words, nor are they within the objects and purposes of the statute."

This construction was followed in Maxwell v. State, 140 Ala. 131, 37 South. 266; Vernon v. State, 161 Ala. 83, 50 South. 57; O'Brien v. State, 3 Ala. App. 173, 57 South. 1028.

It follows from the foregoing authorities, construing such words and phrases in analogous statutes, that the right of civil action was not given to plaintiff, for delivery by the express company of such prohibited liquors to her minor son was not a disposition of the same contrary to the provisions of the statute giving the civil action in question.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.