# Raiford *v.* The State.

### *Indictment for an Assault with Intent to Murder.*

1. *All persons who aid in the commission of a felony, are principals.*—The Code abolishes the distinction between principals in the first and second degree, and between either of these and accessories before the fact, in felonies; and all persons concerned in the commission of a felony, whether they directly commit the act, or aid and abet its perpetration, although absent, may be indicted, tried, and punished as principals.

2. *The words "aid" and "abet," as used in the Code, are nearly sgnonymous.*—The words "aid" and "abet," as used in the Code, are nearly synonymous, and comprehend all assistance given by acts, words of encouragement, or by presence actual or constructive. If a person encourages another to commit an assault with intent to murder, or is present for the purpose of aiding the assailant should it be necessary, he may be tried and convicted as principal.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

The defendant, and Walter Raiford (who was not tried), were indicted at the Spring term, 1878, of the Circuit Court of Lowndes county, for an assault with intent to murder Granville Stocks. Neither the defendant nor Walter Raiford knew Stocks, and first met him at the house of a common acquaintance on the night of the difficulty. Some time after their arrival at the house, where a large number of persons had assembled, Granville Stocks entered, and a quarrel arose between him and Walter Raiford, in which profane and abusive language was uttered by both parties. During the quarrel the defendant, (Robert Raiford) handed a knife to Walter and said " cut him, or stick him ;" and in the scuffle which ensued Walter Raiford attempted to do so. But, as to this matter, as well as to what the defendant said, there was conflict of testimony.

The parties were expelled from the house, but the quarrel did not cease. Granville Stocks, after angry and abusive

epithets, went around the house, then returning, approached Walter Raiford, who knocked him down with an axe. Some of the witnesses testified that Granville Stocks was advancing, with an open knife, upon Walter Raiford when he was knocked down. On this point the evidence was conflicting.

After the court had charged the jury, the defendant asked the following charge, in writing:

" That unless the jury find, from the evidence, that the defendant had some previous concert or community of design before the commission of the alleged assault with Walter Raiford, to commit the assault on the person alleged to have been assaulted, or that the defendant actually participated in the alleged assault, or that the defendant aided and abetted in said assault, they must acquit the defendant."

CLEMENTS & ENOCHS for the appellant.—The court erred in its refusal to give the charge requested by the defendant. Code of 1876, § 4802; *Weeks v. The State*, 44 Ark. 398; *Harrington v. The State*, 35 Ala. 236 ; *Davidson v. The State*, 33 Ala. 350-352 ; Wharton's Am. Cr. Law, § 134; 3 Greenl. Ev. §§ 40, 41; 1 Bish. Crim. Law, §§ 439-440.

JOHN W. A. SANFORD, Attorney-General, *contra*.

STONE, J.—Our statute has abolished the distinction between the principals in the first and second degree, and between either of these and accessories before the fact, so far as that distinction prevailed at common law in cases of felony. Code of 1876, § 4802. " And all persons concerned in the commission of a felony, whether they directly commit the act constituting the offence, or aid or abet in its commission, though not present, must (as in the case of misdemeanor) be indicted, tried and punished as principals."—*Scott v. The State*, 30 Ala. 503. In Wharton's American Criminal Law, section 118, it is said " any participation in a general felonious plan, provided such participation be concerted, and there be constructive presence, is enough to make a man principal in the second degree." Section 124: " There must be presence, either actual or constructive, at the time of the commission of the offence. It is not necessary that the party should be actually present, an ear or an eye witness to the transaction; he is, in construction of law, present, aiding and abetting, if, with the intention of giving assistance, he be near enough to afford it, should the occasion arise."—4 Blackst. Com. 34. In 1 Bishop on Criminal Law, section

[Timberlake et als. v. Brewer, Auditor.]

604, it is said, "Next we have the offence of him who stands by, encouraging the act of crime, while the hand of another performs it. Such an offender is principal of the second degree."

The words aid and abet, in legal phrase, are pretty much the synonyms of each other. See Bouvier's Law Dictionary, and see the word abet in Webster's Dictionary. They comprehend all assistance rendered by acts, words of encouragement or support, or presence, actual or constructive, to render assistance, should it become necessary. No particular acts are necessary. If encouragement be given to commit the felony, or if, giving due weight to all the testimony, the jury are convinced beyond a reasonable doubt that the defendant was present with a view to render aid, should it become necessary, then that ingredient of the offence is made out. And if, the foregoing fact being found, Walter Raiford committed the alleged assault under circumstances to render his act an assault with intent to commit murder under the statute, then the jury would have been justified in finding the defendant guilty. Of course, the presiding judge, in charging the jury, should not adopt the general language employed above, but should define the statutory felony of assault with intent to commit murder.

Under the testimony in this record, if the defendant is guilty, the degree of his guilt is what was known at the common law as a principal in the second degree. The charge asked fairly specified the ingredients of that grade of offence, with some of the elements of an accessory before the fact. We think this charge should have been given.

Reversed and remanded. Let the prisoner remain in custody until discharged by due course of law.