[Anderson v. The State.]

# Anderson v. The State.

## Murder.

(Decided April 8, 1909.　49 South. 460.)

1. *Charge of Court; Invading Province of Jury.*—The court is under no duty to give charges asserting that there is no evidence of a specific fact or state of facts.

2. *Same; Argument.*—Charges requested as an answer to or to counteract argument of counsel, are properly refused.

3. *Same; Applicability to Evidence.*—Where, under the testimony, the jury would have been warranted in finding that defendant aided, abetted the killing of deceased, a charge asserting that unless the jury believed beyond a reasonable doubt and to a moral certainty that two others and the defendant conspired to take the life of deceased, they cannot convict of murder in any degree, unless satisfied beyond a reasonable doubt and to a moral certainty that the defendant inflicted a wound producing death, is inapplicable to the evidence and properly refused.

4. *Same; Argumentative.*—A charge asserting that after twelve o'clock at night no verdict can be lawfully returned by the jury asserts no proposition of law and is applicable to no issues in the case, and hence, is properly refused.

5. *Same.*—A charge that each juror is entitled to his own verdict to be made up from his own judgment of the evidence and the law given him by the court, and that he is not required to return a verdict contrary to such judgment, is an argument merely, and the court is not required to give it.

6. *Homicide; Self Defense.*—A charge asserting that defendant had a right to act on appearances, and if the jury found that at the time defendant fired at deceased he reasonably believed he was about to kill him, or to do him great bodily harm, and defendant fired to prevent such injury to his person, then they should find him not guilty, is patently bad.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Fancy Anderson was convicted of murder, and he appeals. Affirmed.

The following charges were refused to the defendant: "(2) If the jury believe from the evidence beyond a reasonable doubt that defendant unlawfully killed Enos Johnson with malice, but without deliberation or

premeditation, they will find him guilty of murder in the second degree. Gentlemen of the jury, I charge you that there is no evidence in this case of a conspiracy to kill Enos Johnson, and you do not have a right to find the defendant guilty on the theory that defendant conspired with Jim Turner and Lottie Turner to kill Enos Johnson. (3) Unless the jury believe beyond a reasonable doubt and to a moral certainty that Jim Turner, Lottie Turner, and defendant conspired to take the life of Enos Johnson, they cannot convict the defendant of murder in any degree, unless they are satisfied beyond a reasonable doubt and to a moral certainty that defendant inflicted a wound that would, in itself, produce death. (4) After 12 o'clock to-night no verdict can be lawfully returned by this jury. (5) Each juror is entitled to his own verdict, to be made up from his own judgment of the evidence and the law given him by the court, and he is not required to return a verdict contrary to such judgment. (6) Gentlemen of the jury, the defendant had the right to act on appearances; and if the jury find, from the evidence, that at the time Fancy Anderson fired at Enos Johnson he reasonably believed that Enos Johnson was about to kill him or do him great bodily harm, and the defendant fired to prevent such injury to his person, then the jury should find the defendant not guilty. (7) Gentlemen of the jury, I charge you that there is no evidence of conspiracy on the part of the defendant and Jim and Lottie Turner to kill Enos Johnson."

The bill of exceptions shows that, when the jury was retired, the defendant requested and moved the court that the showings for the absent witnesses, which had been read to the jury, be given to the jury and taken with them to their room, which motion the court refused.

MITCHELL & HUGHSTON, for appellant. No brief came to the Reporter.

[Anderson v. The State.]

ALEXANDER M. GARBER, Attorney General, for the State.

DENSON, J.—No duty rests upon a trial court to give a charge which asserts that there is no evidence of a specified fact or state of facts. In view of this principle, charges 2 and 7 were properly refused to the defendant.—*Mobile, etc., Co. v. Walsh*, 146 Ala. 295, 40 South. 560. Furthermore, it affirmatively appears from the record that each of the above charges was requested to answer or counteract the argument made by the solicitor, and this is an additional reason why the court cannot be put in error for refusing them.

The jury would have been warranted in finding from the evidence that the defendant aided and abetted in killing the deceased. This shows the vice of charge 3, refused to defendant.

Charge 4 refers to no issue in the case, asserts no proposition of law, and is otherwise vicious, and was properly refused.

Charge 5 is a mere argument, and the court was under no duty to give it.

Charge 6 is patently defective, and requires no further comment.

Whether or not the showings made for the absent witnesses, after being read to the jury, should have been carried by them to their room, rested in the irrevisable discretion of the court.—*Smith's Case*, 142 Ala. 14, 26, 27, 39 South. 329.

There is no error in the record, and the judgment of conviction will be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.