# Darrington *v*. The State.

### *Violating Prohibition Law.*

(Decided June 30, 1909.   50 South. 396.)

1. *Statutes; Title; Sufficiency.*—Where all the provisions of the statute are referable and cognate to the subject expressed in the title, the requirements of section 45, Constitution 1901 are met; and the title of General Acts 1907, p. 366, being an act to define, prohibit and punish, aiding or abetting, or counselling or procuring an unlawful sale, purchase, gift or other unlawful disposition of certain named liquors, etc., is sufficient to include in the body of

[Darrington v. The State.]

the act clauses relating to the indictment in prosecutions for a violation of the act.

2. *Same; Amendatory Statutes.*—General Acts 1907, page 366, is in form original and complete, and is not, when applied to an act, prohibiting the sale of intoxicating liquors in a designated county, obnoxious to the provisions of section 45, Constitution 1901, that no law shall be amended by reference to title only.

3. *Intoxicating Liquors; Illegal Sale; Statutes.*—Construing together the provisions of the Acts of 1886-87, p. 699, and General Acts 1907, p. 366, one who at the request of a third person purchased for the third person whisky from another, and who acted merely as a friend of the third person without having any interest in the transaction and not acting for the seller, can be convicted under an indictment charging him with selling intoxicating liquors without a license and contrary to law in the form prescribed by section 7353, Code 1907.

APPEAL from Washington County Court.

Heard before Hon. D. J. LONG.

John Darrington was convicted of selling intoxicating liquors and he appeals. Affirmed.

CHARLES L. BROMBERG, for appellant. One who acts as the agent of the purchaser or as the assisting friend merely is not guilty of violating such a prohibition law as exists in Washington County.—*Maples v. The State,* 130 Ala. 121; *Bonds v. The State,* 130 Ala. 117; *DuBoise v. The State,* 87 Ala. 101; *Morgan v. The State,* 81 Ala. 72. Appellant contends that the Act of March 12, 1907, does not make it unlawful to purchase or act as assisting friend of the purchaser in purchasing the liquor; but in so far as the Act applies the purchase of liquors it only prescribes a penalty for an unlawful purchase.

That part of the act providing for a conviction under an indictment for retailing is unconstitutional, in that it is not cognate to or expressed in the title.—*Ex parte Gayles,* 108 Ala. 514. Conceding, however, that it is so expressed the Legislature is powerless to prescribe a form of indictment which does not give to the party indicted notice of the nature and cause of the accusation against him.—*Smith v. The State,* 63 Ala. 55; *McCul-*

*lough v. The State,* 63 Ala. 75; *Jones v. The State,* 136
Ala. 118; *Knowles v. The State,* 24 Ala. 692.

ALEXANDER M. GARBER, Attorney General, and THOM-
AS W. MARTIN, Assistant Attorney General, for the
State. All the subject pleaded in the Act are referable
and cognate to the title of the act.—*Ballantyne v. Wick-
ersham,* 75 Ala. 533. The indictment complies with the
rules laid down in the case of *Knowles v. The State,* 24
Ala. 693.

DENSON, J.—The sale, giving away, or otherwise
disposing of spirituous, vinous, or malt liquors has been
prohibited by law in the county  of Washington  ever
since February 24, 1887.—Acts 1886-87, p. 699.   The
prohibition act referred to was in force at the time the
defendant was tried and convicted in this case; and in
connection with it the conviction of the defendant was
secured, and is here sought to be sustained, under the
act of the Legislature of March 12, 1907, entitled "An
act to define, prohibit and punish aiding or abetting or
counseling or  procuring an  unlawful sale,  purchase,
gift, or other unlawful disposition of spirituous, vinous,
or malt liquors, or other liquors prohibited by law from
being sold, given away, or otherwise disposed of."—
Gen. Acts 1907, p. 366.

Section 1 of the act provides:   "That any person who
makes, aids·or abets, or counsels or procures an unlaw-
ful sale or unlawful purchase or unlawful gift or other
unlawful disposition of spirituous, vinous or malt liq·
uors or other liquors prohibited by law from being sold,
given away or otherwise disposed of; or any person who
shall act as agent, or assisting friend of the seller or
purchaser in procuring or effecting the unlawful sale
or purchase of any such liquors, must on conviction,"

etc. This section of the act concludes as follows: "And a conviction may be had for a violation of this act under an indictment for retailing spirituous, vinous or malt liquors without a license and contrary to law."

It is here insisted that so much of the act of March 12, 1907, as relates to the indictment in prosecutions for violations of its provisions, is offensive to section 45. of the Constitution of 1901, and is therefore void. Section 45 of the Constitution of 1901, amongst other things, provides that "each law shall contain but one subject, which shall be clearly expressed in its title, * * * and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only ; but so much thereof as is revived amended, extended or conferred, shall be re-enacted and published at length." The question of but one subject in the title of an act, to be clearly expressed therein, is threadbare in discussion. All the court has to do is to apply the established rules to the case in judgment. The title may be very general, and need not specify every clause of the statute; "but the requirement of the Constitution is met if they are referable and cognate to the subject expressed."

It seems clear that a clause providing for the procedure or indictment against offenders against the statute is not only germane to the title of the present act, but results as a complement of the thought and is included in it.—*Ex parte Gayles,* 108 Ala. 514, 19 South. 12; *Ex parte Mayor, etc.,* 116 Ala. 186, 22 South. 454. The act does not purport to be revisory or amendatory, but is original in form, complete, and intelligible. Therefore it is not obnoxious to the latter part of the section of the Constitution above quoted.—*Sisk v. Cargile,* 138 Ala. 164, 35 South. 114; *Phoenix, etc. Co. v. Fire Department,* 117 Ala. 631, 23 South. 843; *Cobb v. Vary,* 120 Ala. 263, 24 South. 442.

We have discussed the only points urged in respect to the validity of the act, and find no fault with it.

The indictment contained two counts; but the second was eliminated by the solicitor's announcing to the court, before the case was submitted to the jury, that he did not insist on a conviction upon that count. The first count is in the general form, viz.: "The grand jury of said county charge that before the finding of this indictment John Darrington sold spirituous, vinous, or malt liquors without a license and contrary to law, against the peace and dignity of the state of Alabama." The evidence in the case is brief and without conflict, and is as follows: The state proved that John Darrington, at the request of John Onderdonk, purchased for said Onderdonk a bottle of whisky from Hub Smiley on the 1st day of October, 1907, in Washington county, Ala., at Lewis' still; that in making said purchase defendant acted merely as a friend of said Onderdonk, and had no interest whatever in said transaction, and did not act in any manner for the seller of said whisky. Upon this evidence and the indictment as set out above, the court, at the request of the state in writing, gave the general affirmative charge, with proper hypothesis, against the defendant.

The general statute (section 7353 of the Code of 1907) prescribes the form of the indictment for selling spirituous, vinous, or malt liquors without a license (the form used in the instant case), and provides that "for any violation of any special and local laws regulating or prohibiting the sale of spirituous, vinous, or malt liquors * * * such form shall be held good and sufficient," and yet under an indictment in the form prescribed it has been distinctly held by this court that proof of a gift in violation of a prohibition statute will not support a conviction under such an indictment—one charging

only a sale.—*Williams' Case,* 91 Ala. 14, 8 South. 668;
*Guarreno's Case,* 148 Ala. 637, 42 South 833. In the
*Williams' Case* the court said: "The section of the Code
referred to, and which permits the common form of in-
dictment used, is for the violation of any local and spe-
cial law 'regulating the sale' of spirituous liquors, or
'prohibiting' the sale of spirituous liquors. If 'sale' has
a technical legal meaning, well known, and does not in-
clude in its signification 'to give,' the section of the Code
relied upon cannot authorize this common form of in-
dictment in cases of 'giving' liquor in violation of the
law, but restricts it to cases of selling. To convict a
person of 'giving' away liquor contrary to law, he must
be indicted or charged with the offense of 'giving' con-
trary to law, and not for selling."

So, upon the same considerations, in the present case
it seems clear that, the indictment charging only a sale,
the proof, to authorize a conviction thereunder, should
show a sale by the defendant. In other words, the writ-
er is of the opinion that, although the statute authorizes
the general form of indictment for retailing liquors, it
ex vi termini restricts it to illegal sales, and does not
cover the case of one who acts merely as the "assisting
friend" of the seller or purchaser, and who, under a
proper indictment, might have been convicted as such
under the statute. As well might a person be convicted
of larceny under an indictment charging murder or an
assault and battery. It is clear from the evidence in the
case that the defendant was not guilty of the offense
charged in the indictment; and, in the opinion of the
writer, it should follow that the court erred, both in giv-
ing the affirmative charge for the state and in refusing
it to the defendant.—*Young's Case,* 58 Ala. 358; *Camp-
bell's Case,* 79 Ala. 271; *Morgan's Case,* 81 Ala. 72, 1
South. 472.

The foregoing are the views of the writer, concurred in by Justices MAYFIELD and SAYRE; but. the other Justices, constituting a majority, take a different view, and hold that, under the indictment and the evidence, the defendant was properly convicted, and they order an affirmance of the judgment.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, and MC-CLELLAN, JJ., concur. DENSON, MAYFIELD, and SAYRE, JJ., dissent.