# James *v*. The State.

## *Murder*

(Decided June 2, 1910.   52 South. 840.)

1. *Homicide; Evidence.*—Where the theory of the state was that the defendant shot the deceased because of his opposition to the marriage of defendant's niece to the decedent's son for family reasons, evidence of the conversation and statements made in defendant's presence, relative to the matter and to an attempted adjustment of the same, was admissible.

2. *Same; Antecedent Threats.*—Where the theory of the state was that the killing of the deceased involved an account of opposition by deceased to the marriage of his son with defendant's niece, the defendant was properly required to answer whether or not she made threatening remarks to the deceased prior to the killing while discussing the wrongs of her niece.

3. *Same; Self Defense.*—Where the defendant asserted self defense it was competent to show that a search of the deceased's body shortly after he was killed and while he remained where he died disclosed that deceased had no weapon, as bearing on the issue of self defense.

4. *Same; Self Defense; Burden of Proof.*—Where the issue was self defense in a prosecution for homicide a charge asserting that the burden was on defendant to show that she was in danger or apparent danger of losing her life, or of suffering great bodily harm, and that she had no reasonable mode of escape at the time she killed deceased, and that if she proved such facts, the burden was on the state to show that she was in fault in bringing on the difficulty, was correct.

5. *Evidence; Statements by Accused.*—Where it affirmatively appeared that no word or act improperly invited or induced statements testified to as having been made by accused after shooting deceased, including the statement made by defendant after she was informed of the death of deceased, that she was satisfied, such statements were admissible.

6. *Same; Insanity; Non-Expert Opinion.*—To authorize a non-expert to give his opinion as to the existence of an insane condition of mind on the part of another, it must be shown that the witness not only had opportunity to form a judgment but such witness must also state the facts on which his opinion is based.

7. *Same; Limiting Effect.*—Since improper relations afford no justification for killing, evidence of such relation is properly limited in its effect to the issues raised by the plea of insanity.

8. *Charge of Court; Degree of Proof; Insanity; Reasonable Satisfaction.*—Section 7175, Code 1907, fixes the degree of proof of the affirmative of the issue of insanity in criminal cases to the

[James v. The State.]

reasonable satisfaction of the jury, and a charge requiring accused to establish insanity to the satisfaction of the jury requires a too high degree of proof.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Willie James was convicted of murder in the first degree, and appeals. Reversed and remanded.

The following charge was given at the instance of the state: "(2) When insanity is set up as a defense in a criminal case, the insanity must be established to the satisfaction of the jury by a preponderance of the evidence, and a reasonable doubt of defendant's sanity, raised by all the evidence, does not authorize an acquittal by reason of insanity." The charge set out in the twenty-ninth assignment of error is as follows: "The burden is upon the defendant to show that she was in danger or apparent danger of losing her life or suffering great bodily harm, and that she had no reasonable mode of escape at the time she killed Dan Austin. If she proves these two elements, the burden is then on the state to show that she was at fault in bringing on the difficulty."

KIRK, CARMICHAEL & RATHER, for appellant. Counsel discuss assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—The defendant, a woman, was convicted of murder in the first degree and sentenced to life imprisonment. On the trial she pleaded not guilty by reason of insanity, in addition to the usual general denial of guilt. That defendant killed the deceased, Dan Austin, by shooting him with a pistol was conced-

ed.  Aside from the exoneration sought under the plea of insanity, the defendant undertook to justify the act under the doctrine of self-defense.  The prosecution, on the other hand, pressed, in the evidence, the theory that while the deceased was engaged in uncoupling the air connection of an engine and a train of cars, while he was in a kneeling posture between the engine tender and the next car, and when he was making no hostile demonstration and uttering no word of menace or offense toward defendant, she first shot him, and when he arose and advanced upon her with outstretched, weaponless hands she continued to shoot him until both fell, the deceased immediately dying.  The trial court took and effected the view that tendencies of the evidence made the issue on the plea of insanity a matter for the jury's consideration.

Twenty-five of the 42 errors assigned on the record as in civil cases relate to rulings in respect to the admission and exclusion of evidence.  Many of these rulings related to the phase of the evidence tending to show that Beatrice Norwood,  an unmarried woman,  was with child by Tom Austin, a son of deceased; that Beatrice, who had been reared by defendant, was a niece of defendant, and that a strong attachment existed between Beatrice and defendant; that Tom Austin admitted his responsibility for the niece's condition and was willing to marry her, but that deceased interfered with or forbade the marriage; that this action, the facts being known to her, angered defendant toward deceased; and that the fatal shooting was either the result of insanity induced by the alleged wrong or of justifiable defense, by defendant, of her person from a menacing assault upon her by deceased to whom she had gone to try to arrange a solution of the matter indicated.  This phase of the evidence rendered admissible, beyond doubt,

those conversations and statements, made in defend-ant's presence, relative to the author of the niece's preg-nancy and to the attempted amicable solution of the matter. The evidence, in this connection, was so con-fined by the court, and no error resulted therefrom.

The issue of insanity vel non was submitted to the jury. A number of nonexpert witnesses were examined with a view to supporting the plea of insanity. The rule with respect to the admission of the opinion of such witnesses that the person was insane is thus well stated in *Burney v. Torrey,* 100 Ala. 157, 173, 14 South. 685, 45 Am. St. Rep. 33: "To authorize a nonexpert to give his opinion of the existence of an unsound condition of mind, he must not only have had the opportunity to form a judgment, but the facts should be stated upon which it is based."—See, also, *Parrish's Case,* 139 Ala. 16, 36 South. 1012.

It was affirmatively proven that no word or act, by any one, improperly induced or invited the state-ments testified as having been made by defendant af-ter the shooting of Austin. Accordingly, no error was committed by the court in permitting the rehearsal of those statements by the witnesses on the trial. The statement by Sanders that Austin was dead, in defend-ant's presence, was admissible as explanatory of de-fendant's alleged reply thereto, that she was satisfied, etc.

It appears from tendencies of the evidence that de-fendant, several days before the shooting, had had an interview with deceased in regard to the alleged wrong-doing of deceased's son. Touching this interview the prosecution was allowed to ask the defendant if she did not, on that occasion, make to deceased a remark of a threatening nature. The question was patently proper.

There is no merit in the several assignments based on rulings admitting evidence of a search of the body of deceased shortly after he was killed and while he lay where he died. The defendant's evidence tended to show that deceased advanced, without provocation, upon her with his hand in the direction of his hip pocket. The state was well entitled, as bearing on that issue, to adduce evidence that deceased had no weapon of any kind. Such was the purpose and effect of the evidence tending to show a search of the body. It was well admitted.

The charge as to the burden of proof on the plea of self-defense, set out in the twenty-ninth assignment, conformed to law as it prevails in this state.—1 May. Dig. pp. 810, 811.

Those parts of the oral charge of the court having reference to the substantive law as to "cooling time," under the facts and circumstances hypothesized in them, had apt authority in *Jarvis' Case*, 138 Ala. 17, 34 South. 1025. They were free from prejudicial error.

Since the criminal relations claimed, by defendant, to have theretofore existed between defendant's niece and the son of deceased was a matter in no view affording justification for the killing of the deceased, and since the criminal relations indicated did not involve deceased (one feature, among others, distinguishing the case at bar from *Gafford's Case*, 122 Ala. 54, 25 South. 10, in the particular that evidence of such relations, with other evidence of threats by deceased, has a legitimate bearing on the issue of who was the aggressor under the pleas of self-defense), the court properly confined the admissibility and the effect of evidence of the relations mentioned, and of deceased's alleged interference with the marriage of his son to the niece, to the

issue made by the plea of not guilty by reason of insanity.

The substantive law of the case, under the issues made by the pleas of *not guilty* and *not guilty by reason of insanity,* needs no reiteration at this time. It has been often accurately announced here. On the latter issue, the rules stated in the recent decision in *Parrish v. State,* 139 Ala. 16, 36 South. 1012, among others, will be serviceable on the retrial to which we must remand the case because of the error to be pointed out.

The solicitor requested, and the court gave, special instruction numbered 2. This instruction attempted to state the measure of proof requisite to establish the plea of not guilty by reason of insanity. Therein it was declared that the burden assumed, under that plea, by the accused was to establish the pleaded fact to the "satisfaction" of the jury. The statute (Code 1907, § 7175) fixes the measure of certainty of proof of the affirmative of that issue to be the "reasonable satisfaction" of the jury. Special instruction 2 exacted of the accused too high a degree of proof in order to establish the plea indicated.

For the error stated, the judgment is reversed and the cause is remanded.

Reversed and remanded.

SIMPSON, ANDERSON, and SAYRE, JJ., concur.