# Rayfield *v.* The State.

*Violating Prohibition Law.*

(Decided June 16, 1910. 52 South. 833.)

1. *Intoxicating Liquors; Unlawful Purchase; Aiding.*—The mere aiding in the unlawful purchase of liquor constitutes a violation of section 7363, Code 1907, although the defendant did not himself sell the liquor to the purchaser.

2. *Pleading; Insanity; Instruction.*—Where the defendant pleaded not guilty and not guilty by reason of insanity, a charge asserting that if the jury believed the evidence beyond a reasonable doubt, they could not acquit the defendant, did not conclude him on his

plea of insanity, since the court had specially charged on that issue and had predicated his acquittal on a reasonable belief by the jury of his insanity.

3. *Same; Burden of Proof.*—Where the defendant pleads not guilty by reason of insanity he has the burden of showing to the reasonable satisfaction of the jury that he is insane as required by section 7175, Code 1907.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Tom Rayfield was convicted of violating the prohibition laws, and he appeals. Affirmed.

TATE & WALKER, for appellant. The court erred in the charge given. It is not only a charge upon the effect of the evidence but pretermitted the consideration of the plea of insanity.—*Young v. The State*, 58 Ala. 358; *Campbell v. The State*, 79 Ala. 271; *Morgan v. The State*, 81 Ala. 72; *DuBois v. The State*, 87 Ala. 101; *Bonds v. The State*, 130 Ala. 117; *Maples v. The State*, 130 Ala. 121. Under the evidence in this case, the defendant was not guilty as charged.—*Amos v. The State*, 73 Ala. 498, and authorities there cited.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—In any possible view of the evidence in this case the defendant could not be acquitted under his plea of not guilty. If he merely aided, etc., in the unlawful purchase, etc., of the liquor in question, and did not himself sell the liquor to Bailey, he violated Code 1907, § 7363. That statute provides for a conviction of its violation under an indictment in the usual form.—*Darrington v. State*, 162 Ala. 60, 50 South. 396. If he sold the liquor to Bailey, he was, of course, guilty beyond question.

There was a plea of not guilty by reason of insanity. The charge, given at the request of the state, instruct-

ing that, if the jury believed the evidence. beyond a reasonable doubt, they could not acquit the defendant, did not conclude against defendant on his plea of insanity. As was proper, the defendant asked, and the court gave special charges submitting, in appropriate form, the issue of his insanity vel non to the jury, and predicating his acquittal on that issue. Under such plea the burden is on the defendant, and the requisite measure of certainty of proof to sustain the plea is set down in Code 1907, § 7175.

There is no error in the record, and the judgment is affirmed.

Affirmed.

SIMPSON, MAYFIELD, and EVANS, JJ., concur.