# Miller v. The State.

*Violating Prohibition Law.*

(Decided July 6, 1910.   53 South. 278.)

1. *Intoxicating Liquors; Unlawful Sale; Evidence.*—The evidence in this case stated and examined and held to show a violation of section 7363, Code 1907, in aiding in an unlawful sale of intoxicants.

2. *Appeal and Error; Harmless Error; Evidence.*—Where a defendant's own evidence establishes his guilt any error in rulings on other evidence is harmless.

3. *Same; Instructions.*—Where defendant's own evidence establishes his guilt, any error in refusing requested instructions is harmless.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Wes Miller was convicted of aiding in an unlawful sale of intoxicants and he appeals. Affirmed.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—The second count of the indictment charged "that before the finding of this indictment Wes Miller sold spirituous, vinous, or malt liquors without a license and contrary to law." The verdict responded expressly to this count only. Section 7363, Code 1907, provides that a conviction of a violation of that section may be had under an indictment charging in the form present in the second count quoted a sale, etc., of liquors.—*Darrington v. State* 162 Ala. 60, 50 South. 396; *Rayfield v. State,* 167 Ala. 94, 52 South. 833.

The testimony of the defendant himself was as follows: "He said (naming two parties) came to him (defendant) at the time mentioned and asked him to get them a bottle of whisky; that he asked them if it was any harm for him to do so, and that they each told it was not; that he was not selling it, to go and get them a bottle; that they gave him $1.50 and 10 cents for going; that he did go to Sam McIntosh and get a bottle of whisky and deliver where they told him to put it;" that he had never sold any whisky to any one, nor had he ever delivered to named parties; that he had no interest in the bottle he got for the parties first above named by the witness, except the dime for going and getting the whisky; that he gave the $1.50 to Sam McIntosh for the bottle.

It is evident that from the defendant's own statement he was at least guilty of a violation of section 7363, in aiding, etc., in an unlawful sale of prohibited liquors. Hence the court properly gave the general affirmative charge, with hypothesis requested by the solicitor for the state. There were therefore no prejudicial errors to him (whether errors at all it is unnecessay to decide) in rulings on evidence or in refusing charges to the jury requested by the defendant.

Affirmed.

DOWDELL, C. J., and MAYFIELD and EVANS, JJ., concur.