# Kirk v. The State.

### Maintaining Unlawful Drinking Place.

(Decided February 12, 1914. Rehearing denied April 16, 1914.
65 South. 195.)

1. *Affidavit; Amendment; Allowance.*—Where the prosecution was for maintaining an unlawful drinking place, and the affidavit charged Jim Kirk, alias Scrap, with the commission of the offense, it was proper to allow the solicitor during the trial to amend the same by striking out the name Scrap and inserting the name James Kirk.

2. *Intoxicating Liquors; Evidence; Offense.*—The deputy sheriff having testified that he discovered a bar in operation in defendant's place of business, could also testify that upon his approach the customers fled, leaving only defendant, as the action of the crowd was a part of an occurrence in which defendant was a participant, and being part of the res gestæ as tending to show that the drinking place was unlawful.

3. *Same; Punishment.*—Under sections 3 and 5, Acts 1910, p. 10, cases tried by the court without the jury which result in conviction may be punished by imprisonment as well as fine, the authority to impose an additional punishment at the discretion of the court, not being dependent on the mode of trial of the issues of fact.

4. *Appeal and Error; Objections; Necessity.*—An appellant cannot complain of the refusal of the court to exclude testimony given in response to a question where he interposed no objection to the question.

5. *Same.*—An exception reserved to a portion of the whole of the court's oral charge is not sustained where the portion excepted to contained as a separate proposition, a correct statement of the law applicable to the case.

6. *Charge of Court; Stating No Proposition of Law.*—A charge which states no proposition of law can be refused without error.

7. *Same; Covered by Those Given.*—It is not error to refuse requested instruction substantially covered by written charges given.

Appeal from Morgan Law and Equity Court.

Heard before Hon. Thomas W. Wert.

Jim Kirk was convicted of keeping an unlawful drinking place, and he appeals. Affirmed.

The prosecution was commenced by affidavit made by one H. H. Wright on February 6, 1913, charging

the commission of the offense of maintaining an unlawful drinking place by one Jim Kirk, alias Scrap. When the case was called for trial, demurrer was sustained to the affidavit, and by leave of the court the solicitor amended the affidavit by striking out the name Scrap and inserting the name James Kirk, against the timely objection of defendant.

WERT & LYNNE, for appellant. The court erred in permitting an amendment to the affidavit, the proper method being to grant another writ of arrest and re-arrest defendant.—*Stiff v. State,* 84 Ala. 454; *Gregory v. State,* 46 Ala. 151. The court erred in permitting the deputy sheriff to state that when he approached defendant's place of business, all the customers left.—*Wesley v. State,* 52 Ala. 182; *Benjamin v. State,* 41 South. 739; *Gordon's Case,* 129 Ala. 113; *State v. Ballard,* 23 South. 504. The court erred in permitting witness to testify that no one seemed to be in possession but defendant.—*Larkinsville M. Co. v. Flippo,* 30 South. 359. The court erred in its oral charge.—*State v. Phillips,* 53 S. E. 370. Under the evidence Jones and Phillips were not partners, and the court should have so instructed the jury.—*Zuber v. Roberts,* 147 Ala. 512. The court tried the case without a jury, and hence, were not authorized to add additional punishment by way of imprisonment.—*Clark v. Town of Uniontown,* 58 South. 725.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no error in permitting the amendment to the affidavit. *Wright v. State,* 136 Ala. 139. What the crowd did on the approach of the deputy sheriff was of the res gestæ, and competent on the question of the character of the

drinking place.—*Young v. State,* 149 Ala. 16.   Charges asserting the proposition of law may be properly refused.—*Anderson v. State,* 100 Ala. 79.   The court had authority to impose hard labor as an additional punishment.—Secs. 3 and 5, Acts 1909, p. 10.

WALKER, P. J.—The court was not in error in permitting an amendment of the affidavit upon which the defendant was prosecuted.—*Wright v. State,* 136 Ala. 139, 34 South. 233.

A deputy sheriff, as a witness for the state, testified as to the sheriff and himself going to the defendant's place of business and finding the defendant behind the counter and a crowd of negroes in front of it, the counter having on it several empty beer bottles, a whisky glass about half full of whisky, and bar fixtures, spoons, glasses, and bottles of beer on ice back of the counter. Over the objection of the defendant, and in answer to the question, "What did this crowd of negroes do when you and the sheriff went in?" the witness was permitted to state that "they all ran out of the back door except the defendant." What the crowd did on the occasion in question was part of an occurrence in which the defendant was a participant. The spontaneous and precipitate flight, on the appearance of the officers of the law, of those with whom the defendant apparently was having dealings, was not without significance as an indication that an illicit transaction had been interrupted; and this circumstance, in its connection with others testified to, properly could be looked to in determining the nature of the employment in which the defendant was engaged. It had some tendency to elucidate the conduct of the defendant himself. The incident testified to was a part of the res gestæ, and the evidence of it was properly admitted.—*Wesley v. State,*

[Kirk v. The State.]

52 Ala. 182; *Young v. State,* 149 Ala. 16, 43 South. 100.

It is enough to say of the action of the court in over-ruling the defendant's motion to exclude the statement of the witness McCullough, that "no one else seemed to be in possession except defendant," that the bill of exceptions does not negative the conclusion that the statement was made in a responsive answer to a question to which no objection was made. A party cannot complain of the court's refusal to exclude evidence which was not objected to when it was offered.

The part of the oral charge to which an exception was reserved embodied the statement of the separate proposition that the keeping of prohibited liquors on premises not used exclusively as a dwelling is made by law prima facie evidence that such liquors are kept for sale, or with the intent to sell the same, contrary to law. This was but a statement of a rule of evidence established by statute.—Acts of Ala. Special Session 1909, p. 64, § 4. The statement excepted to was not subject to exception as a whole.

The written charge refused to the defendant which in effect asserted the absence of evidence to show that Jim Jones and the defendant were partners in business stated no proposition of law, and the court was not under a duty to give it.—*Anderson v. State,* 160 Ala. 79, 49 South. 460; *Western Steel Car & Foundry Co. v. Cunningham,* 158 Ala. 369, 48 South. 109. Besides, if there was error in refusing to give that charge, it was error without injury, as the propositions of law applicable to the inquiry to which it referred were fully stated in written charges given at the defendant's request.

In the provision that the offense with which the defendant was charged is "punishable by a fine of not less than $50 nor more than $500, to which, at the dis-

cretion of the court or judge trying the case, may be added imprisonment in the county jail or confinement at hard labor for the county," etc.—(Acts of Ala-Special Session, 1909, pp. 10, 11, §§ 3, 5), there is nothing to suggest a legislative intention to discriminate between cases tried by a jury and those tried without the intervention of a jury. The authority to impose a punishment in addition to a fine "at the discretion of the court or judge trying the case" exists whether the issues of fact are tried in the one way or the other. There is no merit in the suggestion that the court was without authority to impose the hard labor sentence as an additional punishment for the offense of which the defendant was convicted.

Affirmed.