# Swope v. The State.

## Violating Prohibition Law.

(Decided April 8, 1915. 68 South. 562.)

1. *Accomplices; Misdemeanor; Testimony.*—The provisions of section 7897, Code 1907, apply to felonies, and a conviction for a misdemeanor may be had on the testimony of an accomplice alone.

2. *Criminal Law; Intrapment; Public Officer.*—The fact that the defendant was induced by a deputy sheriff, employed to apprehend violators of the prohibition law to procure liquor for him on receiving the price did not prevent the defendant from being adjudged guilty.

3. *Witnesses; Impeachment; Particular Acts.*—A state witness may not be impeached by proof that he had visited the apartments of a witness for the defendant, and have endeavored to induce violations of the white slave act, the rule bing that bad character cannot be established by proof of particular acts.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

John Swope was convicted of violating the prohibition law, and he appeals. Affirmed.

H. V. CASHIN, for appellant. The witness against the defendant was himself an accomplice and defendant could not be convicted on his uncorroborated testimony. —Clark's Criminal Law, 99; Encyc. of Evi. 98; *Marler v. The State,* 67 Ala. S. C. 68 Ala. 580. The defendant ought not to be convicted under the evidence, and was therefore entitled to the affirmative charge.—*Morgan v. The State,* 81 Ala. 72; *Campbell v. The State,* 79 Ala. 271.

W. L. MARTIN, Attorney General and W. H. MITCH-
ELL, Assistant Attorney General, for the State.

THOMAS, J.—Section 33 of the act commonly known
as the Fuller Bill (Acts Sp. Sess. 1909, p. 94) provides:
"That any person who shall act as agent or assisting
friend of the seller or buyer in procuring an unlawful
sale of any prohibited liquors and beverages shall be
punished as if he had sold said prohibited liquors and
beverages, and conviction shall be had of such agent or
assisting friend upon indictment, affidavit, or complaint
against him for selling prohibited liquors and beverages
contrary to law."

A similar statute is found in section 7363 of the Code
of 1907, which has been several times construed by our
Supreme Court.—*Vernon v. State,* 161 Ala. 83, 50 South.
57; *Rayfield v. State,* 167 Ala. 94, 52 South. 833; *Miller
v. State,* 168 Ala. 100, 53 South. 278; *Cain v. State,* 170
Ala. 34, 54 South. 514. The cases of *Morgan v. State,*
81 Ala. 72, 1 South. 472, and *Campbell v. State,* 79 Ala.
271, cited in appellant's brief, were decided before the
mentioned statutes were enacted.

The state introduced but one witness, one Crabtree,
who testified, in substance, that he was a deputy sher-
iff employed or appointed to apprehend violators of the
liquor laws, and that on the occasion in question he
went into the barber shop where defendant worked and
told defendant he wanted half a pint of liquor, and re-
quested defendant to get it for him, giving him the mon-
ey with which to do so, and that subsequently the de-
fendant brought him the half pint of liquor. The de-
fendant requested the general affirmative charge, and in-
sists here that he was entitled to it for two reasons, if
we properly interpret his brief, to wit:

(1) Because, he says, the law does not authorize a conviction of this offense upon the uncorroborated evidence of an accomplice, which, it is contended, the witness was.

(2) Because it appears from the uncontradicted testimony of the witness that he procured the commission by defendant of the unlawful act charged and testified to.

Answering the first contention, we may say that, even assuming that the witness was an accomplice in the crime, the crime is merely a misdemeanor, and not a felony; consequently, there is nothing in the law to prohibit the jury from convicting in this case upon the uncorroborated evidence of an accomplice, if they believe that evidence beyond a reasonable doubt, as the rule against permitting convictions upon the uncorroborated evidence of an accomplice applies only to cases of felony.—Code, § 7897.

As to the second contention, we may say that we know of no rule of law, and are cited to none, which exempts a defendant in this kind of case from the consequences of his crime simply because another may have induced him to commit it, when that inducement does not amout to duress. Of course, in cases of larceny and the like, there can be no crime where the owner of the property taken consents to its taking or it is done by his procurement for ulterior purposes (18 Am. & Eng. Ency. Law [2d Ed.] 471) ; but the principle upon which that doctrine is rested has no application to the character of crime here involved, which is not one against property rights.

The court likewise committed no error in declining to permit defendant to show by his witness Bradford that the state's witness Crabtree had visited her apartments and endeavored to induce violations of the federal stat-

ute known as the Mann White Slave Act. The bad character of a witness cannot be established by proof of particular acts.—1 Mayf. Dig. 161, § 11.

We find no error in the record, and the judgment of conviction is affirmed.