# Burt *v.* The State.

### Violating Prohibition Law.

(Decided June 15, 1916. 72 South. 266.)

1. **Intoxicating Liquors; Statutes.**—The offense of unlawfully transporting prohibited liquors is comprehended under the statutory affidavit prescribed by § 29½, Acts 1915, p. 30.

2. **Same; Jury Question.**—Under the evidence in this case it was for the jury to determine whether defendant was guilty of unlawfully transporting liquors, defendant claiming that he was a cabdriver, and merely hauled the owner of the liquor, who escaped, but knew nothing as to the contents of packages in his cab belonging to his passenger.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Son Burt was convicted of violating the prohibition law and he appeals. Affirmed.

[Burt v. The State.]

W. H. Long, Jr., for appellant. W. L. Martin, Attorney General, and J. P. Mudd, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was tried on an affidavit and warrant charging him with selling, keeping for sale, or otherwise disposing of prohibited liquors contrary to law. The affidavit is in the form prescribed by law.—Acts 1909, p. 90, § 29½; Acts 1915, p. 30, § 29½.

(1) The evidence of the state's witness afforded an inference that the defendant was guilty of the offense of transporting or delivering for another prohibited liquors, as denounced and made a violation of law under the provisions of section 24 of the act referred to, and the affidavit is broad enough to charge the offense denounced by that section.—*Bush v. State, Infra,* 67 South. 847; *Harrison v. State,* 13 Ala. App. 354, 69 South. 383; *Arrington v. State,* 13 Ala. App. 359, 69 South. 385; *Ex parte Arrington,* 195 Ala. 682, 70 South. 1012. The charges requested by the defendant asserting, in substance, that the defendant in the case on trial, charged with selling, keeping for sale, or otherwise disposing of liquor contrary to law, could not be convicted of unlawfully transporting prohibited liquors, were properly refused, for the reason that such an offense was comprehended within the charge preferred, and upon which the defendant was being tried. —Authorities supra. The charges given at the request of the defendant fully cover all correct propositions of law asserted in other special charges refused to the defendant.

(2) The state's evidence in substance showed that some unknown person left a train in the nighttime upon its arrival at New Decatur and walked across the railroad tracks and placed a package, or packages, in a conveyance driven by the defendant, in which the defendant was at the time seated. An officer who was present and saw this occurrence called to the unknown person, whereupon he ran away and escaped, leaving the packages in the vehicle in charge of and driven by the defendant. The packages, when opened, were found to contain prohibited liquors. It was further shown by the state's evidence that the state's witness had been watching at the same place for some time prior to the arrival of the train in all directions, and had not seen the defendant's hack until just as it came up to the point where the stranger alighted from the train as it stopped, and

[Storey v. The State.]

that passengers seldom get off the cars on that side where the defendant drove his hack up and stopped on the arrival of the train. There was evidence affording an inference that the defendant (with his conveyance) had been waiting for the arrival of the train behind a billboard, concealed from the view of persons on the side next the railroad tracks, and drove up and stopped at this place upon the arrival of the train.

The defendant's evidence was to the effect that he was a public hack driver, and was returning from a trip made with a passenger when stopped at this point by the unknown person requesting him to be taken as a passenger; that he did not know what the packages deposited in his hack by this unknown person contained. We think the state's evidence was sufficient to submit the question of the defendant's guilt or innocence of unlawfully transporting prohibited liquors for another in violation of the prohibition laws to the jury, and that the court properly refused the general charge requested by the defendant.

Affirmed.