# Bridgeforth v. The State.

### Violating Prohibition Law.

(Decided July 10, 1916. Rehearing denied August 1, 1916.
74 South. 402.)

1. **Intoxicating Liquors; Complaint; Sufficiency.**—Section 31, Acts 1909, p. 90, defines the words "otherwise disposed of" as including any method by which liquors pass unlawfully; hence, a complaint asserting that defendant sold, etc., or otherwise disposed of spirituous, vinous or malt liquors, is sufficiently certain.

2. **Indictment and Information; Form; Power of Legislation.**—The legislature has the power to prescribe the form and scope of indictments for the offense involving the handling of intoxicating liquors.

3. **Same; Matters Included.**—A complaint charging that defendant sold or otherwise disposed of liquors contrary to law includes the unlawful transportation of such liquors for another.

4. **Intoxicating Liquors; Aiding Sale; Evidence.**—In order to be guilty of aiding in the violation of the prohibition law a defendant must contribute to the result, but it is sufficeint if, by prearrangement with the principal he is present to render assistance should it become necessary.

5. **Same.**—The evidence examined and held sufficient to sustain a conviction for aiding in the violation of the prohibition law, although the principal was arrested before defendant rendered actual assistance.

6. **Same.**—Where the prosecution was for aiding in the violation of the prohibition law by transporting liquor from the station, evidence that defendant approached the railroad station by a circuitous and dimly lighted route, was admissible.

7. **Charge of Court; Effect of Evidence.**—Charges asserting that there is no evidence of a given fact may be refused without error.

8. **Intoxicating Liquors; Conspiracy; Evidence.**—The evidence examined and held to show a conspiracy between defendant and a state's witness for violating the prohibition law.

9. **Appeal and Error; Harmless Error; Evidence.**—Where the conspiracy between the two to violate the prohibition law was subsequently shown, any error in admitting the declaration of a state's witness that he expected defendant to meet him, was harmless.

10. **Intoxicating Liquors; Evidence.**—The evidence held to sustain a finding that a state's witness was guilty of transporting liquors along the public street, and hence, to authorize a conviction of defendant for aiding and abetting in the commission of the crime.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

[Bridgeforth v. The State.]

(This case was reviewed by the Supreme Court on certiorari to the Court of Appeals, and the writ denied. See *Ex parte Bridgeforth v. The State*, 198 Ala., 74 South. 1005.)

Robert Bridgeforth, Junior, was convicted of violating the prohibition law and he appeals. Affirmed.

OSCEOLA KYLE, for appellant. W. L. MARTIN, Attorney General, for the State.

BROWN, J.—The affidavit or complaint on which the defendant was tried charges in the language of the statute then in force that he "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors, contrary to law." —Acts Spec. Sess. 1909, p. 90, § 29½.

(1) The demurrer takes the point that the alternative averment, "or otherwise disposed of," is so indefinite and uncertain in meaning as not to charge an act denounced by the statute with that certainty required by good pleading. There is some force in this point, and the demurrer would be well taken if the statute did not define the meaning and scope of the averment when used in the connection here shown to include "any manner of disposition by which said liquors and beverages may pass unlawfully from one person to another."—Acts 1909, Spec. Sess. p. 91, § 31; *Arrington v. State*, 13 Ala. App. 359, 69 South. 385, affirmed by the Supreme Court, 195 Ala. 694, 70 South. 1012; *Bush v. State*, 12 Ala. App. 260, 67 South. 847; *Burt v. State*, 14 Ala. App. 125, 72 South. 266.

(2) That the Legislature has the power to prescribe the form of indictment and define the scope of such indictments is not an open question in this state.—*Noles v. State*, 24 Ala. 672; *Jones v. State*, 136 Ala. 125, 34 South. 236. The demurrers were properly overruled.

(3) The charge in the affidavit covers the charge of unlawfully transporting prohibited liquors for another.—*Arrington v. State, supra; Burt v. State, supra*.

(4, 5) The important question presented arises from the refusal of the affirmative charge requested by the defendant; that disposed of, the difficulty of disposing of the other questions disappears. The evidence tends to show that the witness Dean by pre-arrangement with "a white man" went to Cullman and purchased the liquors seized by the sheriff when defendant was ar-

rested, and that this white man agreed to have some one meet Dean at the station with a vehicle to assist him in carrying the liquors away from the station; and the tendency of the evidence was sufficient to afford an inference that defendant was at the station with his conveyance waiting to assist Dean, and that Dean had knowledge of this and, when he left the train with the liquors, he started toward defendant's vehicle, when he was arrested. Other than this, the evidence has no tendency to connect the defendant with the transaction. Section 7363 of the Code 1907 provides:

"Any person who makes, aids, or abets, or who counsels or procures an unlawful sale or unlawful purchase or unlawful gift or other unlawful disposition of spirituous, vinous, or malt liquors or other liquors prohibited by law from being sold, given away, or otherwise disposed of * * * must, on conviction, be fined not less than fifty * * * nor more than five hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county for not more than six months, and a conviction may be had for a violation of this section under an indictment for selling spirituous, vinous, or malt liquors * * * contrary to law."

While to be guilty of aiding and abetting the commission of an offense the person charged must contribute to the result, no particular acts are necessary if by prearrangement or with the knowledge of the principal he is present to render assistance should it become necessary.—*Raiford v. State*, 59 Ala. 106; *State v. Talley*, 102 Ala. 25, 15 South. 722; *Jones v. State*, 174 Ala. 56, 57 South. 31; *Swope v. State*, 12 Ala. App. 297, 68 South. 562. The complaint, which not only charges a sale, but charges other unlawful disposition is comprehensive enough to cover any one of the several related offenses specified in the statute, and the evidence was sufficient to require the submission of the case to the jury.—*Johnson v. State*, 172 Ala. 432, 55 South. 226, Ann. Cas. 1913E, 296; *Rayfield v. State*, 167 Ala. 94, 52 South. 833; *Darrington v. State*, 162 Ala. 60, 50 South. 396; *Bush v. State, supra*. The declaration of Dean in the presence of the defendant "that he was expecting the defendant's hack to meet him" not only tended to show that defendant was there by prearrangement, but tended to show Dean's knowledge of defendant's presence at the time and place for the purpose of rendering assistance to Dean.—*James v. State*, 167 Ala. 14; 52 South. 840.

[Bridgeforth v. The State.]

(6) It was permissible for the state to show that defendant, in coming to the station, followed a more circuitous and less frequented route, and approached the station on the opposite side from where passengers usually alighted, as circumstances tending to show that he was there to meet Dean and aid him, and the defendant's objections to testimony tending to show these facts were not well taken.

(7) No duty rests upon the trial court to charge that there is no evidence of a given fact. Such, as has been repeatedly held, assert no proposition of law and may be refused without error.— *Kirk v. State,* 10 Ala. App. 219, 65 South. 195; *Anderson v. State,* 160 Ala. 76, 49 South. 460. The unnumbered refused charge was of this class.

We find no error in the record, and the judgment must be affirmed.

Affirmed.

## ON REHEARING.

(8, 9) On this application the appellant questions the statement in the original opinion: "The evidence tends to show that the witness Dean, by prearrangement with a 'white man,' went to Cullman and purchased the liquors seized by the Sheriff when defendant was arrested, and that this white man agreed to have some one meet Dean at the station to assist him in carrying the liquors away from the station"—the appellant asserting that the declaration of Dean to the effect "that he (Dean) was expecting the defendant's hack to meet him," made at the time of the seizure of the liquors and the arrest of Dean, is the only evidence tending to show the facts stated. Able counsel for appellant in making this assertion in the application undoubtedly overlooked the fact that Dean was examined as a witness, and testified: "That a white man had sent him to Cullman to buy the liquor and that he would have a hack to meet him on west side upon his return, and, seeing the defendant's hack there, that he thought that was the hack that was to be sent to meet him."

The defendant was there when the train arrived on the "west side," and when Dean left the train he started to defendant's vehicle. These facts clearly authorize the statement made in the opinion, aside from Dean's declaration. Moreover, in passing

on the refusal of the affirmative charge, all the evidence both of the defendant and the state was subject to review. The evidence stated above prima facie shows a conspiracy, and, if it was error to admit the declaration of Dean at the time it was admitted, injury was averted by the testimony subsequently offered showing such conspiracy.

(10) It is further insisted that there was no evidence to show that Dean was guilty of transporting liquor for another along a public street or highway, and that therefore the defendant could not be convicted for aiding or abetting. Dean's own evidence shows that the liquors were not his, that he bought them for a white man, and that he had been convicted and was serving a sentence, as the jury had a right to find from his evidence, for this identical offense. The defendant testified: "Before turning off to go to the depot, I was going along Moulton street from the west to the east, and turned out into a road which at that time ran through a field from Moulton street down to New Decatur depot. This was a public road, and as I got opposite the New Decatur depot Mr. McCulloch told me to stop, and about that time we heard the whistle blow for the incoming accommodation train. If Mr. McCulloch had not stopped me, I was going to follow this road down to the street which crosses the Louisville & Nashville Railroad a block further south of the depot and then come up the track to where the depot stands. When Mr. McCulloch told me to stop, I did so, and in a very few minutes the accommodation train came. Charley Dean got off the train on the west side carrying a valise in each hand and started in our direction, when McCulloch halted him and arrested him."

McCulloch's testimony shows that the defendant drove his hack on the west side of the tracks at the depot and stopped. This evidence afforded an inference that when Dean alighted from the train he started in the direction of defendant's hack along this public road traveled by the defendant when he stopped, and if the jury found this to be true, even though he only took one or more steps along the road, he would be guilty of transporting the liquors along the highway. The evidence also afforded an inference that the liquors were being transported by Dean for another, to wit, the "white man," and if defendant was at the depot with Dean's knowledge, or by prearrangement with Dean and the white man, on the principles discussed in the original

[J. T. Camp Transfer Co. v. Davenport.]

opinion he was properly convicted. The application is therefore overruled.

Application overruled.