20 So.2d 866

## WITT v. STATE.

### 2 Div. 735.

Court of Appeals of Alabama.

March 13, 1945.

Geo. O. Miller, Jr., of Livingston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

44

RICE, Judge.

Appellant was convicted of the offense of violating the prohibition laws by unlawfully having in his possession a quantity of whiskey.

"The evidence in the case showed that State's witness Jim Eubank lived in Tishabee, Greene County, and sold to Appellant, who was at the time in company with two others in Eubank's home, a quantity of 'moonshine' whiskey. On this occasion Appellant and Jim Eubanks, together with these others, left Eubank's home in a Chevrolet pick-up truck belonging to and driven by Eubanks. The whiskey sold to the Appellant was contained in two suitcases. En route Jim Eubanks got sick and got out of the truck, leaving his cousin, Jack Eubanks, to drive on with Appellant and the others toward home in Sumter County. The Sheriff of Sumter County and his deputy stopped the truck with the Appellant and these others in it on Highway 11 in Sumter County, arrested all of them and carried them to jail. At the time of the arrest the whiskey contained in the suitcases was in the body of the truck while the Appellant and all the others were in the cab. No one claimed the whiskey or the suitcases at the time. Jim Eubanks pleaded guilty to distilling in Greene County."

All the above and foregoing which we have quoted is taken from the brief filed here on behalf of the State. And its accuracy is unquestioned by appellant's counsel, who, likewise, has filed an excellent brief here on his behalf. In fact, the testimony as noted was undisputed—appellant neither testifying nor offering testimony.

But he contends, here, that the judgment of conviction should be reversed because of two things: First, that the testimony of Jim Eubanks was uncorroborated; and second, that the court below erred in overruling his objection to the portion of the argument of the Solicitor, as follows, viz.: "You know Tishabee and know they make liquor down there."

We think there is merit in neither contention. As to the first, we may say—to quote a former judge of this court —that, "even assuming that the witness (Jim Eubanks) was an accomplice in the crime, the crime is merely a misdemeanor, and not a felony; consequently, there is nothing in the law to prohibit the jury from convicting in this case upon the uncorroborated evidence of an accomplice, if they believe that evidence beyond a reasonable doubt, as the rule against permitting convictions upon the uncorroborated evidence of an accomplice applies only to cases of felony." Swoope v. State, 12 Ala.App. 297, 68 So. 562, 563; Code 1940, Title 15, § 307.

And as to the second, we do not think the argument transgressed the rules that govern; the testimony gave it basis; and it exercised—as we think is perfectly obvious—no influence on the verdict returned. So, measuring it by the rules collected and laid down in Anderson v. State, 209 Ala. 36, 95 So. 171, and taking full note of Supreme Court Rule 45 Code 1940, Tit. 7 Appendix, we hold there was no prejudicial error in overruling defendant's (appellant's) objection to the portion of the argument of the Solicitor quoted hereinabove.

Nor was there prejudicial error in any other ruling apparent.

The judgment is affirmed.

Affirmed.